2015 ND 10

**Justin COMBS and his children,
Petitioners**

v.

**Dallas LUND, Respondent
and Appellant.**

**No. 20140163.**

Supreme Court of North Dakota.

Jan. 15, 2015.

Elizabeth Ledgerwood Pendlay, Crosby, ND, for respondent and appellant.

Justin Combs and his children, petitioners, no appearance.

CROTHERS, Justice.

[¶ 1] Dallas Lund appeals from a district court order granting Justin Combs and the Combs' children a disorderly conduct restraining order against him. Lund argues the district court failed to make the necessary findings of fact and conclusions of law under N.D.R.Civ.P. 52(a) and N.D.C.C. § 12.1–31.2–01(5). Lund also argues the district court abused its discretion in issuing the order because the order improperly created a right of review or modification in a divorce proceeding to which Lund was not a party. We reverse and remand.

I

[¶ 2] Justin Combs and Lisa Combs are divorcing. Lund is in a dating relationship with Lisa Combs. In the early hours of March 23, 2014, Lisa Combs had an argument with one of her children at the Combs' residence. The argument became physical, and Lisa Combs called Lund, asking him to come over and provide her with assistance.

[¶ 3] On March 27, 2014, Justin Combs and the Combs' children filed a petition for a disorderly conduct restraining order against Lund. The district court granted a temporary order and set a hearing for April 10, 2014. According to the children's testimony, Lund used physical force with one or more of the Combs' children. Lisa Combs and Lund testified that Lund did not. The children testified they were afraid of Lund. After hearing the testimony, the district court ruled from the bench, stating:

"I'm appalled, frankly, by this behavior. This is ridiculous to act like this in front of children. And I understand that children are children, and probably overreact as well, but somebody has to be the adult. I'm going to enter an order here that will be modifiable by the pending divorce, because I think there's more that needs to be said and done on this. But at this point, I don't want those children around you. I don't think that they need to be around you. I need for you people to understand that these

children are going through a lot right now. And I'm sure you get that but this can't happen again. This is unacceptable. So, I'm entering a one year order that can be modified by the divorce. And if you need another hearing on it, you can."

The district court entered a disorderly conduct restraining order against Lund effective for one year.

## II

■ [¶ 4] When reviewing a district court's decision on a disorderly conduct restraining order:

"This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination."

*Hanisch v. Kroshus,* 2013 ND 37, ¶ 9, 827 N.W.2d 528 (internal citations omitted).

## III

[¶ 5] Lund argues the district court abused its discretion by improperly allowing review or modification of the restraining order in the divorce proceeding to which Lund is not a party. Lund argues this creates several due process problems including that Lund does not have standing in the divorce proceedings, that the district court does not have personal jurisdiction over Lund in the divorce proceedings and that Lund is not a party to the divorce proceedings and would not be served documents filed in the proceeding relevant to his restraining order.

[¶ 6] The district court ruled, "I'm going to enter an order here that will be modifiable by the pending divorce, because I think there's more that needs to be said and done on this. . . . So, I'm entering a one year order that can be modified by the divorce. . And if you need another hearing on it, you can." Although what the district court meant by this is unclear, Lund argues it creates a right of modification in the divorce proceedings.

■ [¶ 7] Assuming the ruling permits modification of the restraining order in the divorce proceedings to which Lund is not a party, the ruling violates due process safeguards. "This Court [ ] noted, because of the restraint and stigma that a restraining order places on the respondent, due process requirements must be met." *Wetzel v. Schlenvogt,* 2005 ND 190, ¶ 23, 705 N.W.2d 836. "Procedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *Walbert v. Walbert,* 1997 ND 164, ¶ 9, 567 N.W.2d 829 (quoting *In re Adoption of J.W.M.,* 532 N.W.2d 372, 377 (N.D.1995)).

■ [¶ 8] Lund argues he does not have standing in the divorce proceedings; therefore, inclusion of the modification of his restraining order in a proceeding for which Lund has no standing is arbitrary, capricious, unreasonable and is not the rational mental process leading to a reasoned determination. "[T]he standing requirement focuses upon whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to justify exercise of the court's remedial powers on his behalf." *State v. Carpenter,* 301 N.W.2d 106, 107 (N.D.1980). This Court explained, "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties." *Id.*

[¶ 9] "In an action for divorce, the court . . . may give direction for parenting rights and responsibilities of the children of the marriage and may vacate or modify the same at any time. Any award or change of primary parental responsibilities must be made in accordance with the provisions of chapter 14–09." N.D.C.C. § 14–05–22(1). Section 14–09–05.1, N.D.C.C., allows for visitation rights by third-party grandparents. "An application for visitation rights under [section 14–09–05.1] may be considered by the district court in conjunction with a divorce proceeding involving the parent of the minor child." N.D.C.C. § 14–09–05.1(4). A motion must be brought by the third party. *Id.* Lund made no such application or motion, nor is there any suggestion he qualifies to do so. Any modification of the restraining order by the divorce court would affect Lund's liberty in a proceeding to which he has no standing.

█ [¶ 10] Lund argues the district court does not have personal jurisdiction over him in the divorce proceedings. Lund is not a party to the divorce proceedings and would not be served documents filed in the proceeding relevant to his restraining order. "Personal jurisdiction over a person is acquired by service of process in compliance with N.D.R.Civ.P. 4." *Larson v. Dunn,* 474 N.W.2d 34, 39 (N.D.1991). "A judgment or order entered without the requisite jurisdiction is void." *Id.* Lund is not a party to the divorce proceedings and has not received service of process.

[¶ 11] Moreover, we have said, "Given that the paramount goal in any divorce proceeding is the just and equitable resolution of the interests and rights of the divorcing spouses, the asserted interests of third parties in marital property are best resolved in legal actions separate and apart from the divorce proceeding."

*Johnson v. Johnson,* 2000 ND 170, ¶ 140, 617 N.W.2d 97 (citations and quotation marks omitted). Third parties typically are not permitted in divorce proceedings. *See Johnson,* 2000 ND 170, 617 N.W.2d 97 (concluding the district court lacks subject matter jurisdiction over third party's contract claim in a divorce proceeding); *Fisher v. Fisher,* 1997 ND 176, 568 N.W.2d 728 (holding adult child is not entitled to intervene in parents' divorce action due to inadequacy of interest).

█ [¶ 12] However, "[t]hird parties who may have a legally enforceable interest in the proceeding may intervene." *Johnson,* 2000 ND 170, ¶ 141, 617 N.W.2d 97. Under N.D.R.Civ.P. 24(a)(2), intervention is permitted if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24 requires the intervener to provide notice and to make a pleading. Again, Lund has not sought to intervene in the divorce proceedings nor has it been shown that Lund has an interest, other than the restraining order, in the divorce proceedings so he could intervene under Rule 24.

[¶ 13] Disorderly conduct restraining orders require due process requirements to be met. *Wetzel,* 2005 ND 190, ¶ 23, 705 N.W.2d 836. Due process, at minimum, requires "notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *Walbert,* 1997 ND 164, ¶ 9, 567 N.W.2d 829 (quoting *In re Adoption of J.W.M.,* 532 N.W.2d at 377). The district court lacks personal jurisdiction over Lund in the divorce proceedings. Lund has no standing in the divorce proceedings. Lund is not a party, nor does Lund have a right to intervene because he

is not an interested party in the divorce proceedings. Lund has not been provided notice or a meaningful opportunity for a hearing appropriate to the nature of the case. Issuing an order permitting modification or review of a disorderly conduct restraining order by the divorce court is an abuse of discretion.

## IV

■ [¶ 14] Lund argues the district court failed to make the necessary findings and conclusions under N.D.C.C. § 12.1–31.2–01(5) and N.D.R.Civ.P. 52(a) to issue a disorderly conduct restraining order. Under N.D.C.C. § 12.1–31.2–01(1), disorderly conduct is defined as "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person," but disorderly conduct "does not include constitutionally protected activity." When the petitioner alleges "reasonable grounds to believe that an individual has engaged in disorderly conduct," the district court may grant a temporary disorderly conduct restraining order without notice to the respondent. N.D.C.C. § 12.1–31.2–01(4). "The court may then grant a restraining order if the petitioner complies with the procedural requirements of N.D.C.C. § 12.1–31.2–01(5), and if after a hearing, the court finds 'reasonable grounds' to believe the respondent has engaged in 'disorderly conduct.'" *Hanisch,* 2013 ND 37, ¶ 10, 827 N.W.2d 528.

■ [¶ 15] This Court explained that " 'reasonable grounds' is synonymous with 'probable cause.'" *Tibor v. Lund,* 1999 ND 176, ¶ 7, 599 N.W.2d 301. Thus, "[r]easonable grounds exist for obtaining a restraining order under Chapter 12.1–31.2, N.D.C.C., when the facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting

disorderly conduct have been committed." *Wishnatsky v. Huey,* 1997 ND 35, ¶ 14, 560 N.W.2d 878.

[¶ 16] Lund asserts N.D.R.Civ.P. 52(a) applies to disorderly conduct restraining orders. The Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in district court, except as stated in Rule 81." N.D.R.Civ.P. 1. Rule 81(a), N.D.R.Civ.P., provides, "Special statutory proceedings, whether or not listed in Table A, are excluded from these rules to the extent they are inconsistent or in conflict with the procedure and practice provided by these rules." Section 12.1–31.2–01(1), N.D.C.C., is not listed in Table A. Therefore, the North Dakota Rules of Civil Procedure apply to disorderly conduct restraining orders under N.D.C.C. § 12.1–31.2–01(1).

■ [¶ 17] Rule 52(a), N.D.R.Civ.P., applies to disorderly conduct restraining orders.

"Under N.D.R.Civ.P. 52(a), a district court trying an action upon the facts without a jury 'shall find the facts specially.' A district court must make findings of fact that are sufficient to enable an appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law. *Rothberg v. Rothberg,* 2006 ND 65, ¶ 14, 711 N.W.2d 219. A district court's 'findings of fact … should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding' of the district court's decision. *Id.*"

*Hanneman v. Nygaard,* 2010 ND 113, ¶ 19, 784 N.W.2d 117 (explaining district court's findings of fact in domestic violence protection order must comply with N.D.R.Civ.P. 52(a)). "A district court's findings are adequate if this Court can discern from them the factual basis for the

district court's decision." *Niska v. Falconer*, 2012 ND 245, ¶ 10, 824 N.W.2d 778.

[¶ 18] Here, the district court ruled:

"I'm appalled, frankly, by this behavior. This is ridiculous to act like this in front of children. And I understand that children are children, and probably overreact as well, but somebody has to be the adult. I'm going to enter an order here that will be modifiable by the pending divorce, because I think there's more that needs to be said and done on this. But at this point, I don't want those children around you. I don't think that they need to be around you. I need for you people to understand that these children are going through a lot right now. And I'm sure you get that but this can't happen again. This is unacceptable. So, I'm entering a one year order that can be modified by the divorce. And if you need another hearing on it, you can."

[¶ 19] The district court made no findings regarding "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1–31.2–01(1). The district court's oral findings did not identify Lund's intrusive or unwanted acts, words or gestures that were intended to adversely affect the safety, security or privacy of another person. The district court hearing contains contradicting testimony. The district court failed to find which acts, if any, constituted disorderly conduct and which person or persons, if any, Lund committed the disorderly conduct upon. The findings are inadequate to understand the basis for its decision, and a remand for adequate findings is necessary.

## V

[¶ 20] The district court abused its discretion in permitting review or modification of a disorderly conduct restraining order in the divorce proceedings. The district court's findings are inadequate to understand the basis for its decision under N.D.C.C. § 12.1–31.2–01(5) and N.D.R.Civ.P. 52(a). A remand for adequate findings is necessary.

[¶ 21] We reverse and remand the district court order granting Justin Combs and the Combs' children a disorderly conduct restraining order against Lund for further proceedings.

[¶ 22] LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.

GERALD W. VANDE WALLE, C.J., concurs in the result.