2017 ND 119

**Nichole R. KELLER, Petitioner**

v.

**Karen D. KELLER, Respondent and Appellant**

No. 20160334

Supreme Court of North Dakota.

Filed 5/16/2017

Nichole R. Keller, petitioner; no appearance.

Michael S. McIntee, Towner, ND 58788, for respondent and appellant.

Crothers, Justice.

[¶ 1] Karen Keller appeals after a district court entered a disorderly conduct restraining order against her. Karen Keller argues the district court abused its discretion in issuing the order because she did not make a threat of harm against Nichole Keller and her actions were constitutionally protected. Nichole Keller did not file a brief. We reverse the disorderly conduct restraining order against Karen Keller.

I

[¶ 2] Karen Keller is married to Chad Keller. Chad Keller previously was married to Nichole Keller and they had three children together. According to Nichole Keller, she emailed Chad Keller on August 14, 2016, stating she would like to pick up the two youngest children. Chad Keller responded that the children did not want to go with her. Nichole Keller sent another email later in the day saying she would come at 5:00 p.m. to see the children. On August 14, 2016 Nichole Keller, accompanied by Rachel Parker, went to Chad Keller's home to see her youngest daughter. Nichole Keller arrived at Chad Keller's rural property around 5:00 p.m., but stayed at the end of the property line.

[¶ 3] According to Nichole Keller, when she arrived Karen Keller came outside with her hands behind her back. Nichole Keller and Karen Keller were about 200 feet away from each other. Rachel Parker

asked Karen Keller to get Nichole Keller's daughter. When Karen Keller turned to get the child they noticed Karen Keller was holding a handgun behind her back. Nichole Keller and Rachel Parker asked Karen Keller why she was carrying the handgun and Karen Keller responded she did not know the person Nichole Keller was with and did not trust her. Nichole Keller testified that Karen Keller did not point the gun at her or make any threatening or violent statements. According to Nichole Keller, she is fearful for her life and the safety of her kids because of the August 14, 2016 incident. Nichole Keller and Rachel Parker left the residence and called the police. A deputy arrived and interviewed the parties.

[¶ 4] Nichole Keller filed a petition for a disorderly conduct restraining order against Karen Keller regarding the August 14, 2016 events. The district court issued a temporary disorderly conduct restraining order and set a hearing. After hearing the testimony the district court ruled from the bench, finding reasonable grounds to support a disorderly conduct restraining order and issued a disorderly conduct restraining order against Karen Keller effective for one year. Karen Keller appeals.

## II

■ [¶ 5] Karen Keller argues the district court erred in granting the disorderly conduct restraining order. This Court's standard when reviewing a district court's decision on a disorderly conduct restraining order is well settled:

"This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision

is not the product of a rational mental process leading to a reasoned determination."

*Combs v. Lund*, 2015 ND 10, ¶ 4, 858 N.W.2d 311 (quoting *Hanisch v. Kroshus*, 2013 ND 37, ¶ 9, 827 N.W.2d 528).

[¶ 6] Karen Keller argues the district court abused its discretion in finding reasonable grounds supporting the restraining order and by not concluding her actions were constitutionally protected. Karen Keller contends the mere holding of a weapon while on rural property and in a non-threatening manner without any communication or threat of harm cannot constitute the offense of disorderly conduct.

■ [¶ 7] Section 12.1–31.2–01(1), N.D.C.C., defines disorderly conduct as: "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." "Disorderly conduct does not include constitutionally protected activity." N.D.C.C. § 12.1–31.2–01(1). The court may grant a restraining order if, after a hearing, the court finds "reasonable grounds" to believe the respondent has engaged in "disorderly conduct." *Hanisch v. Kroshus*, 2013 ND 37, ¶ 10, 827 N.W.2d 528; *see also* N.D.C.C. § 12.1–31.2–01(5)(d).

■ [¶ 8] If raised by respondent, under N.D.C.C. § 12.1–31.2–01(5)(d), the district court must determine the validity of the constitutional claim as a matter of law and exclude evidence of the activity if found valid. Section 12.1–31.2–01(5)(d) reads in its entirety:

"5. The court may grant a disorderly conduct restraining order ordering the respondent to cease or avoid the disorderly conduct or to have no contact with the applicant if:

d. The court finds after the hearing that there are reasonable grounds to

believe that the respondent has engaged in disorderly conduct. If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity."

"A court imposing a disorderly conduct restraining order must address a respondent's constitutional claims, because constitutionally protected conduct cannot be a basis for the order." *Hoggarth v. Kropp*, 2010 ND 197, ¶ 10, 790 N.W.2d 22.

[¶ 9] The district court considered Karen Keller's constitutional argument, stating:

"I know Mr. McIntee is quoting the law right in regards to self-defense, meaning that if somebody comes on your property, you have the use—the use of whatever appropriate force to protect yourself or your property. But, like I say, it's disorderly conduct, what we're here for. And disorderly conduct means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. And what gets me is why … Mrs. Keller would have a gun on her."

[¶ 10] The district court concluded reasonable grounds supported the disorderly conduct restraining order. The basis of the district court's finding was nothing more than Karen Keller's possession of the firearm:

"[T]here was a gun. She brought it out on the property. And it's obvious that Nichole was very scared. And she testified that she is still scared. And to me, that is the definition of gestures that are intended to adversely affect the safety, security, or privacy of another person. That's the definition of disorderly conduct. Seems plain and simple to me. So, I'm going to order the continuation."

[¶ 11] The district court erred by not determining whether Karen Keller's actions were constitutionally protected and, if they were, by not excluding evidence of the activity as required under N.D.C.C. § 12.1–31.2–01(5)(d). "Whether an activity is constitutionally protected is a question of law, subject to full review on appeal." *Rebel v. Rebel*, 2013 ND 164, ¶ 23, 837 N.W.2d 351 (quoting *Hoggarth v. Kropp*, 2010 ND 197, ¶ 11, 790 N.W.2d 22).

[¶ 12] The Second Amendment guarantees an individual's right to keep and bear arms. U.S. Const. Amend. II; *District of Columbia v. Heller*, 554 U.S. 570, 595, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767–780, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) (holding the Second Amendment right to keep and bear arms fully applies to the states). In *Heller*, the Supreme Court of the United States held the Second Amendment protects an individual's right to possess a firearm for self-defense purposes, stating the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." 554 U.S. 570, 592, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). Article I, Section 1 of the North Dakota Constitution provides an individual's right to keep and bear arms, stating:

"All individuals are by nature equally free and independent and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing and protecting property and reputation; pursuing and obtaining safety and happiness; *and to keep and bear arms for the defense of their person, family, property, and the state, and for lawful hunting, recreational, and other lawful purposes, which shall not be infringed.*"

(Emphasis added).

[¶ 13] North Dakota restricts possession of firearms by certain classes of

people or in sensitive places. *State v. Ricehill*, 415 N.W.2d 481, 483 (N.D. 1987) (affirming constitutionality of ban on possession of firearms by a felon); N.D.C.C. Sec. 62.1–02–05 (restrictions on possession of firearms at public gatherings). North Dakota law restricting carrying loaded handguns expressly exempts an individual who carries a loaded handgun "on that person's land, or in that individual's permanent or temporary residence, or fixed place of business." N.D.C.C. Sec. 62.1–03–01.

[¶ 14] Karen Keller's conduct at the complained of time and place was constitutionally protected. Nothing in the record suggests her conduct violated the statutory limitations of possessing a firearm. Karen Keller testified she was carrying a handgun because she did not know who was at the end of the driveway when the vehicle arrived. Karen Keller indicated she carries a handgun whenever an unknown vehicle arrives at the property. Karen Keller did not leave her property and Nichole Keller did not enter the property. The record indicates the handgun was behind Karen Keller's back or at her side during the interaction.

[¶ 15] The record supports Karen Keller did not make any threatening statements or gestures with the handgun and the parties were about 200 feet away from each other during the interaction. No evidence exists that the disorderly conduct was anything but possession of the gun, and nothing in the record suggests Karen Keller's actions went beyond her constitutional right to possess a handgun on her private property. On these facts the district court erred as a matter of law by not determining Karen Keller's actions were constitutionally protected.

[¶ 16] Because Karen Keller's actions of carrying a handgun for self-defense while on her private property is constitutionally protected, evidence of the activity should have been excluded under N.D.C.C. § 12.1–31.2–01(5)(d). The district court's sole basis for finding reasonable grounds supporting the disorderly conduct restraining order was the presence of the gun. Because possessing a firearm on private property is a constitutionally protected activity, reasonable grounds supporting the disorderly conduct restraining order did not exist. *See City of Bismarck v. Schoppert*, 469 N.W.2d 808, 812 (N.D. 1991) (holding conviction for disorderly conduct could not be supported without infringing upon Schoppert's First Amendment rights of free expression, stating "[w]e cannot sustain a conviction based upon an unconstitutional ground."). The district court erred as a matter of law by not excluding the constitutionally protected activity.

III

[¶ 17] We hold Karen Keller's conduct did not constitute disorderly conduct justifying issuance of a restraining order under N.D.C.C. § 12.1–31.2–01. The disorderly conduct restraining order against Karen Keller is reversed.

[¶ 18] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.