Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 13

Jennifer Michelle Williams, Petitioner

v.

Aron Lyle Williams, Respondent and Appellant

No. 20170152

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan Lynne Bailey, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Jennifer Michelle Williams, petitioner; no appearance.

Victoria C. Jones (argued) and Leslie Johnson Aldrich (appeared), Fargo, N.D., for respondent and appellant.

Williams v. Williams

No. 20170152

Tufte, Justice.

[¶1] Aron Williams appeals from a two-year disorderly conduct restraining order prohibiting him from having contact with Jennifer Williams.  We reverse and remand for the district court to address Aron Williams’ claim that he was engaged in constitutionally protected activity.

I

[¶2] Aron and Jennifer Williams were married in April 2015, have two minor children together, and resided in Jamestown.  They separated in April 2016 and are in the process of obtaining a divorce in Stutsman County.  After the separation, Jennifer Williams moved to West Fargo.  In June 2016, Jennifer Williams filed for a temporary domestic violence protection order against Aron Williams in Cass County, but the parties stipulated to dismissal of the order and the district court in the divorce action ordered that exchanges for Aron Williams’ parenting time with one of the children occur at Rainbow Bridge in Moorhead, Minnesota.  In December 2016, Jennifer Williams moved to modify the provisions of an interim order on child support, attorney fees, spousal support, and parenting time in the Stutsman County divorce proceedings.  On January 13, 2017, the district court granted the motion and ordered exchanges of the children to occur at the West Fargo Police Department.

[¶3] On January 30, 2017, Jennifer Williams filed a petition for a disorderly conduct restraining order against Aron Williams in Cass County, alleging he committed several acts intended to adversely affect her safety, security, and privacy.  Although Jennifer Williams testified about several acts of alleged disorderly conduct, the district court indicated the only incidents it would consider were those that occurred after the January 13, 2017, amended interim order was entered in the divorce action.  Jennifer Williams testified that during an exchange on January 19, 2017, Aron Williams told her “to go suck on your own vagina for a while” after she asked him if one of the children was buckled into a car seat.  She also alleged that during an exchange on January 29, 2017, he blocked her vehicle in with his vehicle and “yell[ed]” to the child that “I know you don’t love your mother . . . do you want to come home with daddy?”  Aron Williams’ attorney argued that Aron’s words constituted constitutionally protected free speech, and the parties argued the constitutional issue before the court.

[¶4] The district court ruled from the bench:

What I’ve observed from the witnesses and have heard from the witnesses is a history of domestic violence, victimization of the Plaintiff and intimidation of the Plaintiff by the Defendant.  Words, acts, and gestures that are intended to adversely affect the safety, security or privacy of another person constitute disorderly conduct.  I find that there are reasonable grounds to believe that the Respondent has engaged in disorderly conduct.  Specifically blocking her, yelling at her—and I’m focusing on the January incidents of exchanges.  They are volatile, it’s not a peaceful exchange, it’s upsetting to the child, it’s upsetting to the Plaintiff.  There is not calm and it’s just a risky situation and I’m going to error in safety for both the Plaintiff and for the children that are involved in these exchanges. . . . I base my decision on conduct that occurred in Cass County and occurred since the entry of the Stutsman County prior order.

The written disorderly conduct restraining order does not provide any further analysis, but merely prohibits Aron Williams from having contact with Jennifer Williams for a two-year period.

II

[¶5] Aron Williams raises two procedural issues that he claims prohibited the Cass County district court from exercising jurisdiction over the petition for the disorderly conduct restraining order.

[¶6] First, Aron Williams argues the Cass County proceeding was barred by res judicata based on the temporary domestic violence order which was issued in June 2016 and the January 13, 2017, amended interim order issued in the Stutsman County divorce proceedings.  However, “[t]he doctrine of res judicata only prohibits relitigation of a claim or issue resolved by a final decision.”  
Saakian v. N.D. Workers Comp. Bureau
, 1998 ND 227, ¶ 17, 587 N.W.2d 166.  The June 2016 order was dismissed without prejudice by stipulation of the parties, so no final order exists.  Regarding the January 13, 2017, amended interim order, “[a]n amended interim order is not a final judgment.”  
Weigel v. Weigel
, 2000 ND 16, ¶ 16, 604 N.W.2d 462.  Res judicata does not apply.

[¶7] Second, relying on N.D.R.Civ.P. 4(b)(5), which allows a court to dismiss an action based on the doctrine of 
forum non conveniens
, Aron Williams argues the district court should have deferred jurisdiction to Stutsman County where the divorce proceedings remained pending.  A decision on a motion to dismiss because of an inconvenient forum is discretionary with the court and largely focuses on inconvenience to the parties.  
See
, 
e.g.
, 
Vicknair v. Phelps Dodge Indus., Inc.
, 2009 ND 113, ¶ 6, 767 N.W.2d 171.  “A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.”  
Id.
  Aron Williams argues the Cass County petition should have been dismissed because “the divorce trial court has become very familiar with the parties, their conduct, character, relationship, and procedural history.”  This argument is misplaced because the judge in the divorce action retired at the end of 2016 and signed the January 2017 amended interim order as a surrogate judge following the December 2016 hearing.  A new judge was assigned to the Stutsman County divorce case, and this judge would be no more familiar with the parties’ disputes than the Cass County judge.  Moreover, the alleged conduct relied upon by the district court occurred in Cass County.  We conclude the court did not abuse its discretion in denying the motion.

III

[¶8] Aron Williams argues his actions and words were constitutionally protected and do not amount to disorderly conduct.

[¶9] Disorderly conduct for purposes of a restraining order is defined as “intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. . . . Disorderly conduct does not include constitutionally protected activity.”  N.D.C.C. § 12.1-31.2-01(1).  In 
Keller v. Keller
, 2017 ND 119, ¶ 8, 894 N.W.2d 883, we explained:

If raised by respondent, under N.D.C.C. § 12.1-31.2-01(5)(d), the district court must determine the validity of the constitutional claim as a matter of law and exclude evidence of the activity if found valid.  Section 12.1-31.2-01(5)(d) reads in its entirety:

“5.  The court may grant a disorderly conduct restraining order ordering the respondent to cease or avoid the disorderly conduct or to have no contact with the applicant if:

d. The court finds after the hearing that there are reasonable grounds to believe that the respondent has engaged in disorderly conduct.  If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity.”

“A court imposing a disorderly conduct restraining order must address a respondent’s constitutional claims, because constitutionally protected conduct cannot be a basis for the order.”
  Hoggarth v. Kropp
, 2010 ND 197, ¶ 10, 790 N.W.2d 22.

[¶10] Aron Williams’ major argument during the hearing was that his actions and words were constitutionally protected activities.  The district court did not address the constitutional issue in its oral findings or in its written order.  “If a court issues a disorderly conduct restraining order without addressing the constitutional claims, the court generally commits a reversible error” unless “we can say with certainty the court would have issued the restraining order based solely upon the uncontested conduct.”  
Rath v. Rath
, 2016 ND 71, ¶ 12, 877 N.W.2d 298; 
see also
 
Hutchinson v. Boyle
, 2008 ND 150, ¶ 9, 753 N.W.2d 881; 
Gullickson v. Kline
, 2004 ND 76, ¶¶ 18-

21, 678 N.W.2d 138.  Because Aron Williams contends all of his speech was constitutionally protected, we cannot say the court would have issued the order based solely on Aron’s other conduct.  The district court committed reversible error by failing to address the constitutional issues raised by Aron Williams.

IV

[¶11] We do not address other issues raised because they are unnecessary to the decision or are without merit.  We reverse the restraining order and remand for the district court to address Aron Williams’ claim that he was engaged in constitutionally protected activity, to exclude any activity determined to be constitutionally protected, and to make a new determination as to whether a disorderly conduct restraining order should issue on the basis of any remaining conduct.

[¶12] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Gerald W. VandeWalle, C.J.