FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JUNE 8, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 122

Amber Lehnerz, individually
and on behalf of O.E.P.,                                    Petitioners and Appellees

and

Megan Christopher,                                    Respondent and Appellant

## No. 20210353

Appeal from the District Court of Golden Valley County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Jared W. Gietzen, Dickinson, ND, for petitioners and appellees; submitted on brief.

Jennifer M. Gooss, Beulah, ND, for respondent and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Megan Christopher appeals from a disorderly conduct restraining order entered against her. Christopher argues the district court abused its discretion in issuing the order because reasonable grounds did not exist to believe she engaged in disorderly conduct, and her conduct was constitutionally protected. We affirm.

## I

[¶2]   In October 2021, Amber Lehnerz, individually and on behalf of her child, O.E.P., petitioned for a disorderly conduct restraining order against Christopher. Lehnerz alleged Christopher intimidated and harassed her and her child by taking unwanted photos and videos of them. At the time of this action, Christopher was employed as a trooper with the state highway patrol. Christopher has two children with Lehnerz's fiancé.

[¶3]   After two hearings, the district court found reasonable grounds to believe Christopher engaged in disorderly conduct that adversely affected the safety, security, or privacy of Lehnerz and her child. The court concluded Christopher's conduct was not constitutionally protected. The court entered a one-year disorderly conduct restraining order against Christopher.

## II

[¶4]   Christopher argues the district court erred in granting the disorderly conduct restraining order. The standard of review for a court's decision on a disorderly conduct restraining order is well established:

> "This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination."

*Keller v. Keller*, 2017 ND 119, ¶ 5, 894 N.W.2d 883 (quoting *Combs v. Lund*, 2015 ND 10, ¶ 4, 858 N.W.2d 311).

A

[¶5]  Christopher claims the district court abused its discretion in finding reasonable grounds to believe she engaged in disorderly conduct.

[¶6]  "'Disorderly conduct' means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1). "Disorderly conduct does not include constitutionally protected activity." *Id.* The court may grant a restraining order if, after a hearing, it finds reasonable grounds to believe the respondent has engaged in disorderly conduct. N.D.C.C. § 12.1-31.2-01(5)(d); *Keller*, 2017 ND 119, ¶ 7. Reasonable grounds exist for issuing a restraining order "when the facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting disorderly conduct have been committed." *Gonzalez v. Witzke*, 2012 ND 60, ¶ 10, 813 N.W.2d 592.

[¶7]  "A petition for relief must allege facts sufficient to show the name of the alleged victim, the name of the individual engaging in the disorderly conduct, and that the individual engaged in disorderly conduct." N.D.C.C. § 12.1-31.2-01(3). In addition, a petitioner must provide an affidavit with "the specific facts and circumstances supporting the relief sought." *Id.*

[¶8]  In her sworn petition, Lehnerz alleged numerous incidents involving Christopher over the course of approximately one year. Lehnerz alleged Christopher confronted her and blocked her from entering the children's daycare. After Lehnerz returned to her vehicle, Christopher yelled at Lehnerz about Lehnerz's fiancé. Lehnerz described another incident when Christopher parked near the daycare and took photos or videos while Lehnerz dropped the children off.

[¶9]  Lehnerz alleged three instances at sporting events where Christopher chose to sit next to Lehnerz. At one event, Christopher was on duty with the

highway patrol and "made a nasty comment to her son . . . about how [Lehnerz is] mean." Lehnerz alleged Christopher took photos and videos of her and her daughter after Lehnerz told her to stop. Lehnerz described another incident at a fundraising event where Christopher took photos and videos of her and her daughter. Christopher testified she did not video Lehnerz at the event but did photo Lehnerz's "baby bump" and sent the photo to her sister.

[¶10] Lehnerz also testified Christopher has shown up numerous times at daycare when it is not her parenting time. Lehnerz testified Christopher is "seeking me out in public," and "it's really hard to go about your day-to-day when you're constantly being followed, constantly being photographed." Lehnerz testified Christopher continued her behavior after Lehnerz asked her to stop.

[¶11] Lehnerz's evidence satisfied the statutory requirements under N.D.C.C. § 12.1-31.2-01(3). A person of reasonable caution could believe that Christopher intended her conduct toward Lehnerz and Lehnerz's daughter to affect their safety, security or privacy. The district court did not err in finding reasonable grounds to believe Christopher's conduct affected the safety, security or privacy of Lehnerz and her daughter.

B

[¶12] Christopher asserts the district court failed to consider whether her conduct was constitutionally protected. Whether an activity is constitutionally protected is a question of law, fully reviewable on appeal. *Keller*, 2017 ND 119, ¶ 11.

[¶13] "If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity." N.D.C.C. § 12.1-31.2-01(5)(d). A district court must address a respondent's constitutional claims because constitutionally protected conduct cannot be a basis for a restraining order. *Keller*, 2017 ND 119, ¶ 8.

3

[¶14] The district court addressed Christopher's constitutional argument at both hearings:

> "[T]he definition of disorderly conduct . . . does not include constitutionally protected activity. There is a caveat on that, and this Court has signed disorderly conduct restraining orders where we have neighbors that are constantly on each other, and they're using what would normally be constitutionally protected activity, but if I walk out of my house every day and my neighbor starts yelling obscenities at me to the point where it's intrusive—do they have the constitutional right to free speech? They do, but just like you can't yell 'fire' in a crowded theatre, there are limits. There comes a point where that constitutionally protected activity is no longer—it goes beyond the purpose of that.
>
> . . . .
>
> "As I may have stated before, these get to be difficult calls because you have that fine line between constitutionally-protected activity, but, as I stated before too, there are limitations on constitutionally protected activity; otherwise, we wouldn't have any success in enforcing any of our laws. And there's always an explanation, whether it comes from Ms. Lehnerz or Ms. Christopher, as to how did—what happened here? How did this happen? What was the intent of the other person? And we can only go by the testimony that we heard or what other evidence is provided.
>
> "I'm not changing the finding that I made last time. I do believe that Ms. Christopher engaged in activity that went beyond her constitutionally-protected rights, especially—and I point out— I believe Ms. Christopher testified she took a photograph of Ms. Lehnerz because she thought maybe she was pregnant. And I cannot fathom why you would do that, why it would matter."

[¶15] There are limits on free speech and not all speech is constitutionally protected. *City of Fargo v. Roehrich*, 2021 ND 145, ¶ 21, 963 N.W.2d 248. "The First Amendment may protect the content of the speech, but the conduct used in delivering the speech may not be protected." *Id.* at ¶ 22. Activities that harm another person are not constitutionally protected. *State v. Holbach*, 2009 ND 37, ¶ 16, 763 N.W.2d 761. *See also Dunham v. Roer*, 708 N.W.2d 552, 565 (Minn.

4

Ct. App. 2006) (stating the government may "regulate conduct that is invasive of the privacy of another"); *Goosen v. Walker*, 714 So. 2d 1149, 1150 (Fla. Dist. Ct. App. 1998) (concluding the appellant's conduct of videotaping his neighbor constituted stalking that served no legitimate purpose and was not constitutionally protected conduct); *State v. Goldberg*, 2019 WL 1304109, *17 (Tenn. Crim. App. 2019) (concluding defendant's acts of parking in front of victim's home, staring at victim and taking photos served no legitimate purpose but were calculated to harass and intimidate and were not constitutionally protected).

[¶16] The district court did not err in concluding Christopher's conduct was not constitutionally protected. Some of her conduct occurred in public; however, Christopher intended her conduct to be intrusive rather than expressive. Christopher continued taking photos and videos after Lehnerz asked her to stop. Christopher's conduct, including taking photos and videos, invaded the privacy of Lehnerz and her daughter.

[¶17] The record supports the district court's decision. The court did not abuse its discretion in granting Lehnerz and her daughter a disorderly conduct restraining order against Christopher.

III

[¶18] The order is affirmed.

[¶19] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte

5