# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 177

Brandon Rekow,                                           Petitioner and Appellee

v.

Susan Durheim,                                        Respondent and Appellant

### No. 20220073

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable Mark  T. Blumer, Judge.

REVERSED.

Opinion of the Court by McEvers, Justice.

Brandon Rekow, self-represented, Ellendale, ND, petitioner and appellee.

Erica A. S. Hovey, Fargo, ND, for respondent and appellant.

**McEvers, Justice.**

[¶1]  Susan Durheim appeals from a disorderly conduct restraining order directing that she have no contact with Brandon Rekow for a one-year period. We reverse, concluding the district court abused its discretion when it found reasonable grounds existed for the disorderly conduct restraining order.

[¶2]  Rekow and Durheim had a strained relationship dating back to 2015, when Rekow allegedly bought gravel from Durheim's husband and failed to pay for it.  On January 18, 2022, Rekow petitioned for a disorderly conduct restraining order against Durheim under N.D.C.C. § 12.1-31.2-01.  The district court held a hearing on the petition on February 22, 2022.   In Rekow's petition and through testimony, he described events taking place on January 12, 2022, that led to filing the petition against Durheim.   Durheim alleged she went to Rekow's home to collect on the unpaid bill for the gravel.  An argument ensued and Rekow told Durheim to get off his property.  Durheim eventually left the property after being asked to do so numerous times.  At the hearing on the petition, each party accused the other of swearing and name-calling.  Rekow admitted swearing at Durheim. Durheim denied she swore at Rekow.  Other than generally stating he wants Durheim to stop harassing him, Rekow did not testify specifically as to how the incident with Durheim affected his safety, security, or privacy.  He stated, "she's very threatening. I get called all kinds of names and berated, harassed."  Rekow testified he only felt threatened with a lawsuit, not with violence.

[¶3]  At the conclusion of the hearing, the district court ruled from the bench granting Rekow's petition for a one-year disorderly conduct restraining order against Durheim.  The court found:

> I am going to grant the petition for up to a period of one year. Disorderly conduct means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another. Ms. Durheim came onto his property. He requested that she leave. An argument ensued. She did not leave

immediately after being requested. She doesn't recall when she left. She indicated she didn't recall a few matters.

Mr. Rekow indicates that she was yelling at him. He was also yelling at her apparently, but it was on his property. He asked her two to three times to leave his property over a period of several minutes. That is an intrusive, unwanted act adversely affecting the privacy and security of another. It could have been across the street and yelled something, and if a person finds that – it doesn't even necessarily have to be directed. But you can be across the street and yell something at somebody and that would be disorderly conduct. This took place on his property after being requested to leave. Testimony is that she didn't leave immediately but engaged in an argument. I'm going to grant the petition.

[¶4] Utilizing a standard disorderly conduct restraining order form, the court entered an order against Durheim incorporating its findings on the record as the basis for its decision. Durheim appealed.

I

[¶5] Durheim argues the district court abused its discretion in issuing the disorderly conduct restraining order because its findings were insufficient to support its decision.

[¶6] Our standard for reviewing a district court's decision on a disorderly conduct restraining order is well established:

This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.

*Combs v. Lund*, 2015 ND 10, ¶ 4, 858 N.W.2d 311 (quoting *Hanisch v. Kroshus*, 2013 ND 37, ¶ 9, 827 N.W.2d 528).

2

[¶7]   A disorderly conduct restraining order may be granted when a petitioner establishes, by reasonable grounds, that the respondent engaged in disorderly conduct.   N.D.C.C. § 12.1-31.2-01(5).   Disorderly conduct is defined as "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person."  N.D.C.C. § 12.1-31.2-01(1); *see also Cusey v. Nagel*, 2005 ND 84, ¶ 6, 695 N.W.2d 697.  "Because of the stigma and grave consequences to the respondent associated with a disorderly conduct restraining order, we have repeatedly stressed that a person who petitions for an order must allege specific facts or threats." *Cusey*, at ¶11. It is not enough to show the respondent's actions are unwanted; rather, the petitioner must show specific unwanted acts that are intended to affect the safety, security, or privacy of another person.  *Id*. at ¶ 7.  "Subjective fear is insufficient to support a disorderly conduct restraining order."  *Id*.  It is not enough under N.D.C.C. § 12.1-31.2-01 that the petitioner wants the other person out of the petitioner's life.  *Cusey*, at ¶ 13.  "Vague generalities do not suffice," and "[c]onclusory testimony that 'he harassed me,' 'he abused me,' or 'he threatened me' does little to aid the trial court in determining whether the alleged perpetrator's actions rise to the level of disorderly conduct under the statute." *Id*. at ¶ 11 (quoting *Williams v. Spilovoy*, 536 N.W.2d 383, 385 (N.D. 1995)).   A petitioner must show how the respondent's conduct affected his safety, security, or privacy.  *Mitzel v. Larson*, 2017 ND 48, ¶ 12, 890 N.W.2d 817.  Conclusory statements on the record by the district court will not suffice. *Id*.

[¶8]   Additionally, Rule 52(a), N.D.R.Civ.P., applies to disorderly conduct restraining orders.  *Combs*, 2015 ND 10, ¶ 17.  In an action tried on the facts without a jury, the court must find the facts specially and state its conclusions of law separately.  N.D.R.Civ.P. 52(a)(1).  "Under N.D.R.Civ.P. 52(a), a district court trying an action upon the facts without a jury 'shall find the facts specially.'  A district court must make findings of fact that are sufficient to enable an appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law." *Combs*, 2015 ND 10, ¶ 17 (quoting *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219).  A district court's findings of fact should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the

3

district court's decision. *Combs*, 2015 ND 10, ¶ 17. Findings that do not specifically identify intrusive or unwanted acts that were intended to affect the safety, security, or privacy of another are inadequate. *Id.* at ¶ 19.

[¶9] The district court made no findings concerning Durheim's intent. Near the conclusion of the hearing, the court stated, "[h]e asked her two or three times to leave his property over a period of several minutes. That is an intrusive, unwanted act adversely affecting the privacy and security of another." What the court described here may constitute trespass. *See G&D Enterprises v. Liebelt*, 2020 ND 213, ¶ 17, 949 N.W.2d 853 (noting trespass is an invasion or interference with an interest in ownership or possession of property); *see also* 87 C.J.S. Trespass, § 2 (Sep. 2022). However, the court did not explain how Durheim's conduct toward Rekow (not leaving the yard immediately when asked and mutual yelling) affected his safety, security, or privacy, or that her conduct was intended to do so. The court did not specially find facts relating to Durheim's intent, failing to comply with the requirements of Rule 52(a). The vague findings made by the district court do not enable this Court to understand the basis for its conclusion. Given the court's conclusory findings and Rekow's lack of specific testimony on how Durheim's conduct adversely affected his safety, security, or privacy, we are not convinced the requirements of N.D.C.C. § 12.1-31.2-01 were satisfied in this case. We conclude the district court abused its discretion when it issued the disorderly conduct restraining order.

## II

[¶10] We reverse the one-year disorderly conduct restraining order against Durheim.

[¶11] Daniel J. Crothers, Acting C.J.
Lisa Fair McEvers
Jerod E. Tufte
Allan L. Schmalenberger, S.J.
Kari M. Agotness, D.J.

4

[¶12] The Honorable Allan L. Schmalenberger, S.J., and the Honorable Kari M. Agotness, D.J., sitting in place of Jensen, C.J., and VandeWalle, J., disqualified.