# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 69

Kayla Jones,                                                                        Petitioner

v.

Mark Rath,                                              Respondent and Appellant

## No. 20220239

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kayla Jones, petitioner; no appearance.

Mark A. Rath, Bismarck, ND, self-represented, respondent and appellant.

**Crothers, Justice.**

[¶1]   Mark Rath appeals from a disorderly conduct restraining order directing him to have no contact with Kayla Jones for one year. Rath argues the court abused its discretion by not holding a hearing within fourteen days of issuing the temporary restraining order. He argues the court abused its discretion by granting a restraining order even though Jones's petition did not comply with N.D.C.C. § 12.1-31.2-01(3). He also argues the court abused its discretion by issuing the disorderly conduct restraining order without sufficient findings. We affirm.

I

[¶2]   In January 2013, Rath and Jones divorced. Together they have two children. On July 21, 2022, Jones filed a petition for a disorderly conduct restraining order after Rath sent numerous e-mails to Jones, her attorney, and her employer during a short period of time. A temporary restraining order was issued. On August 9, 2022, a hearing was held and the district court granted a disorderly conduct restraining order against Rath. Rath timely appealed.

II

[¶3]   Rath argues the district court abused its discretion by not holding a hearing within fourteen days of the temporary restraining order.

[¶4]   Under N.D.C.C. § 12.1-31.2-01(5)(c), the court may grant a disorderly conduct restraining order if the court sets a hearing within fourteen days of an issuance of a temporary restraining order. The hearing may be set later if there is good cause. *Id.*

[¶5]   "This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion." *Lehnerz v. Christopher*, 2022 ND 122, ¶ 4, 975 N.W.2d 585. "The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when

its decision is not the product of a rational mental process leading to a reasoned determination." *Id.*

[¶6] Rath argues the hearing did not comply with the fourteen-day time restraint in N.D.C.C. § 12.1-31.2-01(5)(c). A temporary restraining order was issued on July 21, 2022. Fourteen days from July 21, 2022 was August 4, 2022. A hearing was set for August 4, 2022, but was continued when the case was reassigned to the Southeast Judicial District after all the South Central Judicial District judges were disqualified. The earliest date a judge from the Southeast Judicial District could hold the hearing was August 9, 2022. Following Rath's objection, the district court found the disqualification and reassignment was good cause for the delay. The court's finding was not unreasonable or unconscionable because there was legitimate scheduling delay after the reassignment. Therefore, the court did not abuse its discretion by holding the hearing on August 9, 2022.

III

[¶7] Rath argues the district court abused its discretion by granting a disorderly conduct restraining order even though Jones's petition did not comply with N.D.C.C. § 12.1-31.2-01(3).

[¶8] Section 12.1-31.2-01(3), N.D.C.C., provides:

> "A petition [for a disorderly conduct order] must allege facts sufficient to show the name of the alleged victim, the name of the individual engaging in the disorderly conduct, and that the individual engaged in disorderly conduct. An affidavit made under oath stating the specific facts and circumstances supporting the relief sought must accompany the petition."

[¶9] A district court's decision to grant a restraining order will not be reversed absent an abuse of discretion. *Lehnerz,* 2022 ND 122, ¶ 4.

[¶10] The petition required Jones to describe the events between her and Rath to support why the district court should grant a restraining order against Rath. Instead of describing the events in the provided space of the petition, Jones

2

wrote "See attached affidavit," and attached a separate document to the petition. Rath argues the petition is invalid because Jones did not describe the events on the petition, but on a separate document which was not signed under oath.

[¶11] The petition was signed by Jones under the statement "I declare, under penalty of perjury under the law of North Dakota, that everything I stated in this Petition for Disorderly Conduct Restraining Order is true and correct." Jones also signed at the bottom of the separate document. The district court found the information on the separate page, which was referred to in the petition, was contained within the petition. The court therefore concluded the petition was valid under N.D.C.C. § 12.1-31.2-01(3).

[¶12] The district court's finding that the separate factual statement was part of the petition was supported by the facts, and its conclusion was not unreasonable or unconscionable because Jones referenced the separate document within the petition. Therefore, the court did not abuse its discretion by granting the disorderly conduct restraining order based on Jones's petition.

IV

[¶13] Rath argues the district court abused its discretion in issuing the disorderly conduct restraining order without sufficient findings.

[¶14] "'Disorderly conduct' means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1). "The court may grant a restraining order if, after a hearing, it finds reasonable grounds to believe the respondent has engaged in disorderly conduct." *Lehnerz,* 2022 ND 122, ¶ 6. "Reasonable grounds exist for issuing a restraining order when the facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting disorderly conduct have been committed." *Id.* This Court will not reverse a district court's decision to grant a restraining order absent abuse of discretion. *Id.* at ¶ 4.

3

[¶15] The district court's factual findings for ordering a disorderly conduct restraining order included that: Rath admitted he knew Jones did not want him to send her e-mails, Rath sent e-mails to Jones and her attorney referencing Jones's throat getting slit and asserting Jones and her attorney were engaging in sexual acts, Rath sent an inappropriate e-mail to Jones's employer and Rath sent 20 to 30 e-mails a day to Jones and her attorney.

[¶16] In *Rekow v. Durheim*, we reversed a one-year disorderly conduct restraining order after determining the district court did not specifically identify the defendant's acts were intended to affect the safety, security, or privacy of another. 2022 ND 177, ¶ 8, 980 N.W.2d 917. Our decision in *Rekow* stressed the need for the district court to make sufficient findings on all the elements of proof, including addressing a respondent's intent. *Id.* However, the facts in this case are significantly different than those in *Rekow*. In *Rekow*, the court granted the restraining order after finding Durheim came onto Rekow's property, Rekow requested that she leave, an argument ensued, and Durheim did not leave immediately.

[¶17] The order in *Rekow* did not provide us with an understanding of the district court's basis for finding intent. Here, we understand the court's rationale for issuing the protective order. *See Clarke v. Taylor*, 2019 ND 251, ¶ 11, 934 N.W.2d 414; *Lindstaedt v. George,* 2020 ND 262, ¶ 6, 952 N.W.2d 102; *VND, LLC v. Leevers Foods, Inc.,* 2003 ND 198, ¶ 27, 672 N.W.2d 445 (affirmed protection orders where the district court's findings lacked specificity, but this Court could understand the rationale for the decision to issue the order).

[¶18] The findings by the district court, while not using the word "intent," leave us with a clear understanding the court found Rath intended to adversely affect Jones's safety, security, or her privacy with his conduct. Specifically, Rath was aware his e-mails were unwanted, he sent an inappropriately large volume of e-mails, and the e-mails contained threats to Jones's safety and security (her throat would be slit) and her privacy (alleging she was engaged in sexual conduct with her attorney and contacting her employer). On these facts, the court did not abuse its discretion by granting the disorderly conduct restraining order.

4

[¶19] The district court did not abuse its discretion by holding a hearing more than fourteen days after the temporary restraining order was issued. The court did not abuse its discretion by finding Jones's petition complied with N.D.C.C. § 12.1-31.2-01(3). The findings of the court, while lacking the word "intent," are sufficient to understand the court's rationale regarding Rath's intent to adversely affect Jones's safety, security, or privacy. We affirm.

[¶20]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Daniel Saleh El-Dweek, D.J.

[¶21] The Honorable Daniel S. El-Dweek, D.J., sitting in place of Bahr, J., disqualified.