FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 1, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 225

Hattie Albertson,                                   Petitioner and Appellee

   v.

Trent Albertson,                              Respondent and Appellant

## No. 20230034

Appeal from the District Court of Bottineau County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Erin M. Conroy, Bottineau, ND, for petitioner and appellee.

Gregory W. Liebl (argued) and Priscila A. Ulloa (on brief), Fargo, ND, for respondent and appellant.

# Albertson v. Albertson
## No. 20230034

**Bahr, Justice.**

[¶1]   Trenton Albertson appealed from a disorderly conduct restraining order. This Court retained jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remanded with instructions for the district court to make sufficient findings to enable this Court to review the order. *Albertson v. Albertson*, 2023 ND 191, ¶ 1, 996 N.W.2d 662. Upon reviewing the district court's findings on remand, we affirm the disorderly conduct restraining order.

I

[¶2]   The relevant facts are explained in *Albertson*, 2023 ND 191, ¶¶ 2-5. In summary, Hattie Albertson filed for a disorderly conduct restraining order against Trenton Albertson in December 2022. The district court granted a disorderly conduct restraining order in favor of Hattie Albertson and their minor child, C.W.A., for a period of one year. This Court remanded the case to the district court to make additional findings and retained jurisdiction under N.D.R.App.P. 35(a)(3)(B). On remand, the court made additional findings and concluded the disorderly conduct restraining order should remain in place. Neither Trenton Albertson nor Hattie Albertson requested supplemental briefing or oral argument. *See* N.D.R.App.P. 35(a)(3)(B)(ii) (providing a party may request supplemental briefing or oral argument within 14 days of certification by the district court).

II

[¶3]   Our standard for reviewing a district court's decision on a disorderly conduct restraining order is well established:

> This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the

product of a rational mental process leading to a reasoned determination.

*Rekow v. Durheim*, 2022 ND 177, ¶ 6, 980 N.W.2d 917 (quoting *Combs v. Lund*, 2015 ND 10, ¶ 4, 858 N.W.2d 311). "This Court reviews findings of fact under the clearly erroneous standard of review." *Bearce v. Yellowstone Energy Dev.*, 2021 ND 143, ¶ 14, 963 N.W.2d 299; *see* N.D.R.Civ.P. 52(a)(6). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Legacie-Lowe v. Lowe*, 2023 ND 140, ¶ 4, 994 N.W.2d 177 (quoting *Ficklin v. Ficklin*, 2006 ND 40, ¶ 11, 710 N.W.2d 387).

[¶4] "A disorderly conduct restraining order may be granted when a petitioner establishes, by reasonable grounds, that the respondent engaged in disorderly conduct." *Rekow*, 2022 ND 177, ¶ 7. "'Disorderly conduct' means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1). "Reasonable grounds exist for issuing a restraining order 'when the facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting disorderly conduct have been committed.'" *Lehnerz v. Christopher*, 2022 ND 122, ¶ 6, 975 N.W.2d 585 (quoting *Gonzalez v. Witzke*, 2012 ND 60, ¶ 10, 813 N.W.2d 592).

[¶5] In the order on remand, the district court made adequate findings for this Court to review the factual basis of its decision. *See Combs*, 2015 ND 10, ¶ 17 ("A district court's findings are adequate if this Court can discern from them the factual basis for the district court's decision." (quoting *Niska v. Falconer*, 2012 ND 245, ¶ 10, 824 N.W.2d 778)). The court found Trenton Albertson made multiple threatening phone calls over a period of two days, starting at 3:00 a.m. the first day. The phone calls included threats to kill a friend of C.W.A. and strong inferences of violence towards C.W.A. Trenton Albertson also threatened "to come over to the home and kick the door in." Hattie Albertson packed up the children and "left the home due to fear and belief [Trenton Albertson's] threats were real." The court heard the recorded

phone calls, and found Trenton Albertson's voice "is best characterized as angry, elevated, and threatening violence on two young individuals." The court further found Trenton Albertson came to Hattie Albertson's home, tried to open the door, shook the door handle, and used his shoulder in an attempt to open the door. The court found the testimony of Hattie Albertson, a neighbor's eye witness testimony, and the voice recordings of Trenton Albertson "demonstrated that [Trenton Albertson's] actions were not just idle threats. [Trenton Albertson] was threating violence on a non-family member as well as his own child [C.W.A.]." Trenton Albertson's "phone calls threatening violence upon a local minor child along with his own child[,]" together with his "actions of attempting to get into [Hattie Albertson's] home[,]" is what ultimately led the court to grant the restraining order. On review of these findings, we hold the findings are not clearly erroneous, and the court did not abuse its discretion in granting the disorderly conduct restraining order. *See Jones v. Rath*, 2023 ND 69, ¶ 18, 989 N.W.2d 92 (concluding the district court did not abuse its discretion by granting the disorderly conduct restraining order despite the court not using the word "intent" when the court's findings left us with a clear understanding the court found the respondent intended to adversely affect the petitioner's safety, security, or her privacy with his conduct).

## III

[¶6] In his initial brief, Trenton Albertson argued the district court abused its discretion by granting the disorderly conduct restraining order because, according to Trenton Albertson, the disorderly conduct restraining order effectively modified the residential responsibility schedule without a hearing and consideration of the best interest factors set out in N.D.C.C. § 14-09-06.2(1).

[¶7] The district court did not address this issue in its original order or its order on remand. That is likely because Trenton Albertson did not raise the issue at the district court. He did not argue to the court that the issuance of the disorderly conduct restraining order would conflict with or was not permitted because of the residential responsibility schedule.

3

[¶8]   This Court does not review issues which are raised for the first time on appeal:

> The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised . . . in the district court cannot be raised for the first time on appeal.

*Schrodt v. Schrodt*, 2022 ND 64, ¶ 7, 971 N.W.2d 861 (quoting *Cody v. Cody*, 2019 ND 14, ¶ 15, 921 N.W.2d 679).

[¶9]   We conclude Trenton Albertson did not preserve this issue for appeal and decline to address it.

### IV

[¶10] The district court did not abuse its discretion in granting the disorderly conduct restraining order. We affirm the disorderly conduct restraining order.

[¶11] Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr