# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2023 ND 248

Carey Mead,

Petitioner and Appellee

v.

Mark Robert Hatzenbeller,

Respondent and Appellant

No. 20230185

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Joel M. Fremstad, Fargo, ND, for petitioner and appellee; submitted on brief.

Madison D. Marchus (argued), Tatum O'Brien and Sara Monson (on brief), Fargo, ND, for respondent and appellant.

**Crothers, Justice.**

[¶1]   Mark Hatzenbeller appeals from a disorderly conduct restraining order. We affirm, concluding the district court did not abuse its discretion or violate Hatzenbeller's right to due process when it issued the restraining order. We decline to address issues concerning the temporary restraining order because they are moot.

I

[¶2]   On April 26, 2023, Carey Mead filed a petition for a disorderly conduct restraining order against Hatzenbeller. The petition alleged:

> "Please see Case No. 09-2022-CR-03212. Mark Hatzenbeller plead guilty to Disorderly Conduct Harassment on 12/5/2022. Part of the conditions of the probation was he should have no contact with Carey or [her husband,] Michael J. Mead. Mark Hatzenbeller continues to initiate unnecessary interactions. The current status does not allow for any criminal consequences for initiating contact and offers no protection for the victims in this case. Hatzenbeller has no probation officer to revoke probation. This attempt for contact has significantly worsened to cause the victims to have concern for our safety and security. We have already exhausted all civil options and are left with nothing else. He is [sic] neighbor next door."

Mead's husband is not named as a petitioner. An order deferring imposition of Hatzenbeller's sentence for disorderly conduct-harassment was attached to the petition along with the register of actions for the criminal case.

[¶3]   The district court issued a temporary restraining order and set a hearing. At the hearing, Mead and Hatzenbeller appeared in person with counsel. Mead moved for judgment on the pleadings, arguing Hatzenbeller's criminal conviction was sufficient to prove he engaged in disorderly conduct. Hatzenbeller moved to dismiss, arguing the petition was insufficient because it lacked specificity. The court denied both motions. The court ruled the

petition's reference to Hatzenbeller's criminal conviction was sufficiently specific to survive dismissal. The court also ruled judgment on the pleadings was inappropriate because Hatzenbeller had a due process right to a full hearing.

[¶4]   The district court took judicial notice of the criminal disorderly conduct proceeding against Hatzenbeller, stating:

> "I have reviewed 09-2022-CR-3212. I will make a specific finding that it is a criminal matter, there is a criminal conviction. . . . [M]y familiarity with the criminal process would include that there is a sufficient factual basis established to meet all of the elements necessary for a criminal conviction and that the defendant in this case, who is the same individual named, pled guilty to the crime of disorderly conduct. . . ."

Mead did not offer additional evidence. Hatzenbeller testified he pleaded guilty to disorderly conduct after an incident occurred between him and the Meads, the conduct occurred in the spring of 2022, he was the Meads' next door neighbor, and they live in a "very small" town.

[¶5]   The district court found Hatzenbeller's criminal conviction was sufficient evidence to prove he engaged in disorderly conduct. The court directed the parties to negotiate specific restrictions for a restraining order and submit a proposed order. The court informed the parties it intended to include Mead's husband as a protected party because he was identified as a victim in the criminal action. On May 25, 2023, the court issued a one-year disorderly conduct restraining order that prohibited Hatzenbeller from having contact with the Meads. Hatzenbeller appeals.

II

[¶6]   Hatzenbeller argues the district court erred when it granted the temporary restraining order because the allegations in Mead's petition were generalized, vague, and insufficient to support issuance of a temporary restraining order.

2

[¶7]   A temporary restraining order is a type of injunction that is brief in duration and meant to maintain the status quo until the district court can make a determination on the merits of a petition. *State v. Kenny*, 2019 ND 218, ¶ 9, 932 N.W.2d 516. A temporary restraining order ceases to have any effect once a final disorderly conduct restraining order is issued. N.D.C.C. § 12.1-31.2-01(4). Final restraining orders supersede temporary orders. *Jones v. Rath*, 2023 ND 183, ¶ 5, 996 N.W.2d 305. After a final order has been issued, questions concerning the propriety of earlier temporary injunctive orders generally are moot. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314 (1999) (stating "an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter"); *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1038 (8th Cir. 2011) (dismissing appeal from preliminary injunction as moot due to entry of permanent injunction).

[¶8]   In *Gonzalez v. Witzke*, 2012 ND 60, ¶¶ 9-13, 813 N.W.2d 592, this Court addressed arguments concerning the propriety of a temporary restraining order in an appeal from a final disorderly conduct restraining order. Although the Court discussed the temporary order, it was not the order on appeal. *Id.* at ¶¶ 1, 27 (stating the final restraining order was on appeal and affirming it). The Court's discussion of the temporary order was dicta because the temporary order had ceased to have any effect on the appellant and was superseded by the final restraining order. When events have occurred that make it impossible for this Court to issue relief, no actual controversy exists. *Interest of M.R.*, 2022 ND 68, ¶ 3, 972 N.W.2d 94. This Court generally does not issue advisory opinions on moot issues. *Id.* We repudiate *Gonzalez*, ¶¶ 9-13, to the extent it suggests issues concerning a superceded temporary restraining order will be addressed on appeal absent an actual controversy.

[¶9] Here, after issuing a temporary restraining order based on the allegations in Mead's petition, the district court held an evidentiary hearing, found Hatzenbeller committed disorderly conduct, and entered a final restraining order. When the court issued its final order, the temporary order ceased to have any effect. The court's final order superseded the earlier

temporary order. Even if the temporary order was improvidently granted, we can provide no relief from the expired order. Therefore, the propriety of the temporary order is moot and will not be addressed in this appeal.

III

[¶10] Hatzenbeller raises multiple issues concerning the final disorderly conduct restraining order. He argues the evidence is insufficient to support a finding he engaged in disorderly conduct; the disorderly conduct alleged in the petition is not sufficiently recent; his due process right to a full hearing was violated; and the district court erred by including Mead's husband as a protected party.

[¶11] A petitioner for a disorderly conduct restraining order must show there are "reasonable grounds to believe that the respondent has engaged in disorderly conduct." N.D.C.C. § 12.1-31.2-01(5)(d). Disorderly conduct is "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1). The petitioner must allege "specific facts or threats." *Holm v. Holm*, 2023 ND 228, ¶ 6, --- N.W.2d --- (quoting *Cusey v. Nagel*, 2005 ND 84, ¶ 7, 695 N.W.2d 697); *see also Rekow v. Durheim*, 2022 ND 177, ¶ 7, 980 N.W.2d 917. Vague generalities will not suffice. *Rekow*, at ¶ 7. When a petitioner provides evidence "sufficient to warrant a person of reasonable caution to believe" disorderly conduct occurred, reasonable grounds exist for the court to issue a restraining order. *Cusey*, at ¶ 6 (quoting *Svedberg v. Stamness*, 525 N.W.2d 678, 682 (N.D. 1994)). "[R]easonable grounds for a disorderly conduct restraining order is 'synonymous with probable cause.'" *Baker v. Mayer*, 2004 ND 105, ¶ 13, 680 N.W.2d 261 (quoting *Tibor v. Lund*, 1999 ND 176, ¶ 7, 599 N.W.2d 301).

[¶12] Whether to grant a disorderly conduct restraining order is left to the discretion of the district court. *Hanisch v. Kroshus*, 2013 ND 37, ¶ 9, 827 N.W.2d 528. We will not reverse a district court's decision to issue a disorderly conduct restraining order absent an abuse of discretion. *Id.* "The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when

its decision is not the product of a rational mental process leading to a reasoned determination." *Id.*

A

[¶13] Hatzenbeller argues Mead failed to offer specific evidence to support a finding he engaged in disorderly conduct. Hatzenbeller claims Mead only offered generalized allegations and no evidence proves he engaged in conduct intending to adversely affect her safety, security, or privacy. Mead argues Hatzenbeller's criminal conviction for disorderly conduct is sufficient evidence to support issuance of the restraining order.

[¶14] "Disorderly conduct is analyzed in the same manner for both civil and criminal cases because the reasonable grounds for a restraining order are synonymous with probable cause for an arrest." *Hoggarth v. Kropp*, 2010 ND 197, ¶ 14, 790 N.W.2d 22. The elements of criminal disorderly conduct by harassment are the same as those required to prove disorderly conduct in the context of a petition for a restraining order. *Compare* N.D.C.C § 12.1-31.2-01(1) (stating disorderly conduct means "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person") *with* N.D.C.C. § 12.1-31-01(1)(h) (criminalizing "harassing conduct by means of intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person").

[¶15] The district court took judicial notice of Hatzenbeller's criminal conviction for disorderly conduct. *See* N.D.R.Evid. 201 (providing for judicial notice of adjudicative facts). Hatzenbeller did not object to the court taking notice that he had been convicted for disorderly conduct, and on appeal he does not challenge the court's process for taking judicial notice. The elements of the crime of disorderly conduct by harassment are the same as the elements required for issuance of a disorderly conduct restraining order. Consequently, when Hatzenbeller pleaded guilty to disorderly conduct, he admitted to committing the conduct necessary for issuance of the restraining order in this case. Given Hatzenbeller's admission of guilt, his conviction, and the court's judicial notice of the facts, sufficient evidence exists in this case to warrant a

person of reasonable caution to believe Hatzenbeller engaged in disorderly conduct.

## B

[¶16] Hatzenbeller argues there must be "some level of imminency" between the disorderly conduct and the restraining order. Chapter 12.1-31.2, N.D.C.C., does not provide a temporal requirement. We have stated "there must be logical limits on the time and distance factors when a restraining order is at issue." *Meier v. Said*, 2007 ND 18, ¶ 27, 726 N.W.2d 852. Hatzenbeller testified the conduct giving rise to the restraining order in this case occurred roughly one year before the order was issued. Mead contests this timeline. Nonetheless, Hatzenbeller's criminal sentence, imposed six months before the disorderly conduct restraining order, included a no contact order. Hatzenbeller testified the parties live in a "very small" town and the distance from his house to the Meads' house was about 26 feet. Noting Hatzenbeller "is subject to a no contact order without definition," the court issued a disorderly conduct restraining order accounting for the fact that the parties are neighbors and clearly specifying the conduct that is prohibited. *See State v. Lusby*, 1998 ND 19, ¶ 9, 574 N.W.2d 805 (stating "[a]n order defining criminal behavior should be clear and unambiguous"). Although the duration between the disorderly conduct and the restraining order is long, the circumstances of this case justify the delay and the court's decision was not an abuse of discretion.

## C

[¶17] Hatzenbeller argues his right to a full hearing was violated because Mead presented no testimony and the district court relied only on his criminal conviction.

[¶18] A petitioner for a disorderly conduct restraining order must prove his case before the district court in a full hearing. *Wetzel v. Schlenvogt*, 2005 ND 190, ¶ 23, 705 N.W.2d 836. The "full hearing" contemplated by N.D.C.C. § 12.1-31.2-01 is "a special summary proceeding, intended to quickly and effectively combat volatile situations before any tragic escalation." *Gullickson v. Kline*, 2004 ND 76, ¶ 8, 678 N.W.2d 138 (quotation marks omitted) (quoting *Skadberg*

6

*v. Skadberg*, 2002 ND 97, ¶ 13, 644 N.W.2d 873). It is not a criminal proceeding. *Harris v. Harris*, 2010 ND 45, ¶ 14, 779 N.W.2d 642. However, because a restraining order constrains a person's liberty and entails certain stigma, a respondent has a due process right to a "fair hearing" including "reasonable notice or opportunity to know of the claims of opposing parties, along with the opportunity to rebut those claims." *Id*. at ¶ 10 (quoting *Holbach v. Dixon*, 2007 ND 60, ¶ 7, 730 N.W.2d 613). "[W]hen the court employs a procedure which fails to afford a party a meaningful and reasonable opportunity to present evidence on the relevant issues, the court has abused its discretion and violated the party's due process rights." *Gullickson*, at ¶ 16.

[¶19] Mead's petition put Hatzenbeller on notice she was relying on his criminal conviction as grounds for a restraining order. The district court allowed Hatzenbeller to present evidence at the hearing. Hatzenbeller testified and was cross-examined. Hatzenbeller had the opportunity to call Mead as a witness but declined to do so. The procedure employed by the district court gave Hatzenbeller notice of the claims against him and allowed him an adequate opportunity to respond. *See Skadberg*, 2002 ND 97, at ¶ 14 ("By accepting affidavits and allowing cross-examination, the district court conducted a full hearing on the disorderly conduct restraining order petition."). Hatzenbeller has not established the court violated his due process right to a full and fair hearing.

D

[¶20] Hatzenbeller argues the district court erred when it included Mead's husband as a protected party in the restraining order because he is not the petitioner and was not present at the hearing. Mead asserts Hatzenbeller waived this issue because he did not raise it in the district court.

[¶21] It is a well-settled rule that issues not adequately raised in the district court will not be addressed on appeal. *State v. $44,140.00 U.S. Currency*, 2012 ND 176, ¶ 7, 820 N.W.2d 697; *see also In re R.A.S.*, 2008 ND 185, ¶ 12, 756 N.W.2d 771 (stating even constitutional issues will not be addressed for the first time on appeal).

"The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised . . . in the district court cannot be raised for the first time on appeal."

*Albertson v. Albertson*, 2023 ND 225, ¶ 8, --- N.W.2d --- (alteration in original) (quoting *Schrodt v. Schrodt*, 2022 ND 64, ¶ 7, 971 N.W.2d 861).

[¶22] Mead's petition requested her husband be included in the restraining order and the district court, before issuing its written order, informed the parties Mead's husband would be included. The court stated: "[T]he two individuals which were acknowledged and specifically identified as victims . . . in the current order of the District Court in the criminal file as being part of the no contact order will be included in this disorderly conduct restraining order." Despite Mead requesting this relief and the court's statement that it intended to grant it, Hatzenbeller did not object or raise this as an issue in any fashion. Consequently, Hatzenbeller waived the issue in the district court, and he has not advanced any rationale on appeal to support an exception to our ordinary waiver rule. We decline to further address this argument.

IV

[¶23] The disorderly conduct restraining order is affirmed.

[¶24] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr