# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 141

| | |
|---|---|
| Renae Irene Gerszewski, | Petitioner and Appellee |
| v. | |
| Conrad Keith Rostvet, | Respondent and Appellant |

### No. 20230361

| | |
|---|---|
| Conrad Keith Rostvet, | Petitioner and Appellant |
| v. | |
| Renae Irene Gerszewski, | Respondent and Appellee |

### No. 20230362

| | |
|---|---|
| Conrad Rostvet, | Petitioner and Appellant |
| v. | |
| Wayne Gerszewski, | Respondent and Appellee |

### No. 20230363

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Samuel A. Gereszek, Grand Forks, N.D., for appellees.

Timothy C. Lamb, Grand Forks, N.D., for appellant.

**Gerszewski v. Rostvet**
**Nos. 20230361–20230363**

**Tufte, Justice.**

[¶1]     Conrad Rostvet appeals from a district court's order and judgments granting Renae Gerszewski's petition for a disorderly conduct restraining order (DCRO) against him and dismissing his petitions for disorderly conduct restraining orders against Renae Gerszewski and Wayne Gerszewski. On appeal, he argues the district court abused its discretion by granting Renae Gerszewski a DCRO when he was merely protecting his property. He also argues the district court committed reversible error by granting Renae Gerszewski's petition and denying his petitions because the court took nine months to adjudicate the petitions and made findings on information not entered into the record. Last, he argues the district court erred in denying his petition because, without a DCRO, the Gerszewskis may trespass on his property, which violates his constitutionally protected rights. We affirm.

I

[¶2]     Renae Gerszewski filed a petition for a DCRO against Conrad Rostvet, and the court issued a temporary DCRO against Rostvet and set a hearing date. Rostvet filed separate petitions seeking DCROs against Renae Gerszewski and her husband, Wayne Gerszewski. The cases were consolidated, and a new hearing was set. Continuances delayed the hearing for nearly six months from the first hearing date.

[¶3]     At the hearing, the court heard testimony concerning a dispute between Rostvet and the Gerszewskis over the use of a road which runs from the highway past Rostvet's property and to the Gerszewskis' property. The court issued an order and judgments granting Renae Gerszewski's petition for a DCRO and denying Rostvet's petitions. Rostvet appealed.

II

[¶4]     This Court's review of a district court's decision to issue a disorderly conduct restraining order is well established:

> This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.

1

*Rekow v. Durheim*, 2022 ND 177, ¶ 6, 980 N.W.2d 917 (quoting *Combs v. Lund*, 2015 ND 10, ¶ 4, 858 N.W.2d 311).

[¶5]    A court may grant a disorderly conduct restraining order when a petitioner establishes, by reasonable grounds, that the respondent engaged in disorderly conduct. N.D.C.C. § 12.1-31.2-01(5). Disorderly conduct is defined as "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1). "Reasonable grounds is synonymous with probable cause." *J.B. v. R.B.*, 2018 ND 83, ¶ 5, 908 N.W.2d 687.

[¶6]    For a court to grant a disorderly conduct restraining order, the petitioner "must show specific unwanted acts that are intended to affect the safety, security, or privacy of another person." *Rekow*, 2022 ND 177, ¶ 7. "Subjective fear is insufficient to support a disorderly conduct restraining order." *Cusey v. Nagel*, 2005 ND 84, ¶ 7, 695 N.W.2d 697. "Vague generalities do not suffice," and "[c]onclusory testimony that 'he harassed me,' 'he abused me,' or 'he threatened me' does little to aid the trial court in determining whether the alleged perpetrator's actions rise to the level of disorderly conduct under the statute." *Id*. at ¶ 11 (quoting *Williams v. Spilovoy*, 536 N.W.2d 383, 385 (N.D. 1995)).

[¶7]    "Additionally, Rule 52(a), N.D.R.Civ.P., applies to disorderly conduct restraining orders." *Rekow*, 2022 ND 177, ¶ 8. In an action tried on the facts without a jury, the court must find the facts specially and state its conclusions of law separately. N.D.R.Civ.P. 52(a)(1). "Under N.D.R.Civ.P. 52(a), a district court trying an action upon the facts without a jury 'shall find the facts specially.' A district court must make findings of fact that are sufficient to enable an appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law." *Id*. (quoting *Combs*, 2015 ND 10, ¶ 17). A district court's findings of fact should be sufficiently specific to provide an appellate court a clear understanding of the district court's decision. *Id.* "Findings that do not specifically identify intrusive or unwanted acts that were intended to affect the safety, security, or privacy of another are inadequate." *Id*.

### III

### A

[¶8]    Rostvet argues the district court abused its discretion by issuing the DCRO, because he defended his road that is on his land, which is a constitutionally protected activity, and he had no intent to harm his neighbors.

[¶9] The district court found specific facts showing Rostvet's conduct would lead a reasonable person to fear for his or her safety, security, or privacy:

May 22, 2020: While meeting Renae Gerszewski on the disputed road, Rostvet stopped his motor vehicle, got out of the car and pointed something at Gerszewski. No criminal charge was brought, but the disorderly conduct behavior occurred when Rostvet stopped, exited his car and pointed at Gerszewski. *See* File 50-2022-CV-258, Doc. 7.

July 31, 2020: Rostvet committed disorderly conduct by cultivating his property across the road from where Renae Gerszewski was mowing. Gerszewski was mowing the roadside ditch on property owned by the Peterkas. Knowing Gerszewski was outside mowing, Rostvet then drove his cultivator to his property across the road from Gerszewski, coming within 300 feet of Gerszewski. The temporary restraining order provided Rostvet could not be within 300 feet of Gerszewski. See 11H, *supra*. Gerszewski was mowing prior to Rostvet arriving. Rostvet should have left the area and returned to cultivate only after Gerszewski had finished mowing the Peterka ditch and returned to her own property. Gerszewski testified to this incident. *See also* File No. 50-2022-CV-258, Doc. 6.

November 21, 2020: Rostvet committed disorderly conduct when he was blading the contested roadway and failed to move to the side of the roadway to allow Renae Gerszewski to pass. Gerszewski testified about this incident. Rostvet stopped his tractor for a few seconds and waved at Gerszewski, acknowledging he knew it was Gerszewski. Rostvet also hindered members of the public from driving on the roadway by failing to pull over with his blade when they approached. Members of the public were 3rd party contractors hired by Gerszewskis to work at their residence and were utilizing the public road to gain access. Rostvet eventually pulled into his driveway allowing the contractors to drive past him. Rostvet was in a heightened state of agitation, as evidenced by his response to law enforcement investigating the matter. *See* File No. 50-2022-CV-258, Doc. 5.

April 23, 2022: Rostvet committed disorderly conduct by pushing snow into the roadway and blocking Renae Gerszewski's ability to pass safely. She was required to drive partially into the ditch in order to go around the snow pile. Gerszewski testified about this event. *See also* File No. 50-2022-CV-258, Doc. 4.

[¶10] Rostvet argues he was protecting his land, but according to the survey evidence presented to the district court, he owns only a triangular portion of the road, and his actions also disrupted the use of the larger part of the road not on his property. *See State v. Starke*, 2011 ND 147, ¶ 18, 800 N.W.2d 705 (explaining "defense of premises may not be used if

3

the actor is otherwise acting unlawfully"). He also contends he had no intent to harass his neighbors, but the district court's findings provided specific facts and previous cases tending to show Rostvet's repeated intent to harass his neighbors. The district court did not clearly err in finding Rostvet's conduct impacted the safety, security, and privacy of his neighbors. *See* N.D.C.C. § 12.1-31-01(d); *Jones v. Rath*, 2023 ND 69, ¶ 18, 989 N.W.2d 92. The district court did not abuse its discretion by granting the Gerszewskis a DCRO on the basis of its finding the Gerszewskis proved by reasonable grounds that Rostvet engaged in disorderly conduct.

B

[¶11] Rostvet argues the district court abused its discretion because he has been denied his ability to protect his property from trespassing.

[¶12] Rostvet does not appear to challenge the court's conclusion that the Gerszewskis did not engage in disorderly conduct by reporting his actions to the police; rather, his argument is that the court erred because he cannot protect his property from trespass. A trespass is not disorderly conduct if there is no intent to adversely affect the safety, security, or privacy of another. *See Rekow*, 2022 ND 177, ¶ 9. The district court did not abuse its discretion by denying Rostvet's petition for a disorderly conduct restraining order, because Rostvet did not present reasonable grounds to show the Gerszewskis had engaged in disorderly conduct.

IV

A

[¶13] Rostvet argues the district court abused its discretion by attaching to its order documents it obtained from the Walsh County Recorder, which were not presented as exhibits.

[¶14] We review "a district court's decision to take judicial notice of evidence under an abuse of discretion standard." *Orwig v. Orwig*, 2021 ND 33, ¶ 6, 955 N.W.2d 34. A district court may take judicial notice on its own of facts that are generally known within the court's territorial jurisdiction or facts that can be accurately determined from sources which cannot reasonably be questioned. N.D.R.Ev. 201(b) and (c). When a district court takes judicial notice before notifying the parties, the parties, on request, are entitled to be heard. N.D.R.Ev. 201(e).

4

[¶15] Rostvet raises this issue for the first time on appeal, and nothing in the record indicates he requested a hearing after learning the court took judicial notice of documents from the Walsh County Recorder. *See State v. Cleavenger,* 2018-Ohio-446, 93 N.E.3d 1027, at ¶¶ 31-32 (rejecting claim of improper judicial notice where appellant had not made a timely request to the trial court under Rule of Evidence 201(e)).

[¶16] It is well-settled law that issues not raised in the district court may not be raised for the first time on appeal:

> The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised ... in the district court cannot be raised for the first time on appeal.

*Albertson v. Albertson,* 2023 ND 225, ¶ 8, 998 N.W.2d 811 (quoting *Schrodt v. Schrodt,* 2022 ND 64, ¶ 7, 971 N.W.2d 861). Under N.D.R.Ev. 201(e), Rostvet was entitled to hearing upon request, but he did not request one from the district court. Thus, he cannot raise this issue for the first time on appeal.

B

[¶17] Rostvet also argues the psychological evaluation the district court included in its findings was not offered or received at trial.

[¶18] At trial, the district court took judicial notice of the criminal case containing the psychological evaluation, and Rostvet's attorney did not object.

> MR. GERESZEK: At this time, Your Honor, I would ask the Court to take judicial notice of 50-2019-CR-148. It is the terrorizing case I just referenced with Mr. Jurgens — or with Sheriff Jurgens, sorry.
> THE COURT: CR-148?
> MR. GERESZEK: One, four, eight.
> THE COURT: All right. Mr. Lamb?
> MR. LAMB: No objection.
>
> BY MR. GERESZEK:

Q. Do you know why it was dismissed?
A. Because of Mr. Rostvet's ability to defend himself.
Q. So lack of competency to stand trial?
A. Correct.
MR. LAMB: I'd object to that, Your Honor. He's leading the witness.
THE COURT: Well, I'm going to take judicial notice of it, so whatever —
MR. LAMB: Right.
THE COURT: — what's ever in there is in there.
MR. LAMB: Okay. I understand.
THE COURT: Overruled.

[¶19] Although it appears the district court may have intended to take judicial notice of an entire criminal file, which would include some adjudicative facts properly subject to judicial notice and other facts not properly subject to judicial notice, Rostvet waived this argument because he specifically stated "No objection" and "Okay" to the court judicially noticing the criminal file and everything in it. *State v. Studhorse*, 2024 ND 110, ¶ 25, 7 N.W.3d 253.

V

[¶20] Rostvet argues the district court abused its discretion by not holding a hearing within fourteen days after the issuance of the temporary restraining order.

[¶21] Section 12.1-31.2-01(5)(c), N.D.C.C., requires the court to set "a hearing for not later than fourteen days after issuance of the temporary restraining order or at a later date if good cause is shown."

[¶22] The district court has the discretion whether to grant a continuance for good cause. *Pinkney v. State*, 2021 ND 155, ¶ 8, 963 N.W.2d 737. Here, the district court granted multiple continuances, and a hearing was held almost six months after the initial filing of the petitions, well beyond the statutory fourteen-day period. But Rostvet did not object to this delay until appeal. He did not file a motion to dismiss or object at the outset of the hearing on the basis that the statutory time period had run. He argues he tried to raise this issue through his questioning of a witness at the hearing, but merely asking a witness why it took so long to have a hearing does not raise an objection to the district court.

[¶23] The district court was not asked to consider this question, and we decline to consider it further. *Albertson,* 2023 ND 225, ¶ 8.

6

## VI

[¶24]  We affirm the district court's order and judgments granting Renae Gerszewski's petition for a disorderly restraining order against Rostvet and denying Rostvet's petitions for disorderly conduct restraining orders against Wayne Gerszewski and Renae Gerszewski.

[¶25]  Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte
Douglas A. Bahr
Norman G. Anderson, S.J.

[¶26]  The Honorable Norman G. Anderson, Surrogate Judge, sitting in place of McEvers, J., disqualified.