# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 19

Jennifer Gooss,  
      v.  
A.K.,

Petitioner and Appellee

Respondent and Appellant

## No. 20240157

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Jennifer M. Gooss, Beulah, N.D., petitioner and appellee.

Tyrone J. Turner, Bismarck, N.D., for respondent and appellant.

**Gooss v. A.K.**
**No. 20240157**

**Tufte, Justice.**

[¶1]   A.K. appeals from a disorderly conduct restraining order. On appeal, A.K. argues she was denied due process because the district court's time limit on the hearing deprived her of a reasonable opportunity to rebut the evidence against her and testify on her own behalf. She further argues the district court's findings are not supported by the evidence. We affirm the disorderly conduct restraining order.

I

[¶2]   Jennifer Gooss, on behalf of her daughter, a minor child ("the minor petitioner"), filed a petition for disorderly conduct restraining order against A.K., a minor child. A temporary restraining order was issued, and a hearing was set. After a 30-minute hearing on the petition, the district court issued a disorderly conduct restraining order against A.K. A.K. appeals.

II

[¶3]   "This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion." *Albertson v. Albertson*, 2023 ND 191, ¶ 12, 996 N.W.2d 662 (citation omitted). "The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* (citation omitted).

[¶4]   A person claiming to be a victim of disorderly conduct may petition for a disorderly conduct restraining order. N.D.C.C. § 12.1-31.2-01(2). The petition must allege facts showing the respondent "engaged in disorderly conduct. An affidavit made under oath stating the specific facts and circumstances supporting the relief sought must accompany the petition." N.D.C.C. § 12.1-31.2-01(3). Disorderly conduct consists of "intrusive or unwanted acts, words, or

1

gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1).

[¶5] If the petitioner alleges reasonable grounds exist to believe the respondent engaged in disorderly conduct, the district court may grant a temporary disorderly conduct restraining order pending a full hearing on the petition, which must be held within fourteen days of the court issuing the temporary order. N.D.C.C. § 12.1-31.2-01(4), (5)(c). If, after the hearing, the court finds reasonable grounds to believe the respondent committed disorderly conduct, it may grant a disorderly conduct restraining order for a period of up to two years. N.D.C.C. § 12.1-31.2-01(5), (6). "Reasonable grounds to believe a respondent engaged in disorderly conduct exist when facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting the offense of disorderly conduct have been committed." *Rath v. Rath*, 2016 ND 71, ¶ 6, 877 N.W.2d 298 (citations omitted).

III

[¶6] A.K. argues she was denied a fair hearing because the district court deprived her of a reasonable opportunity to testify and rebut the claims against her. "[D]ue process is required throughout the restraining order proceedings." *Rath*, 2016 ND 71, ¶ 9 (citation omitted). We review the district court's manner of conducting a trial or hearing for an abuse of discretion. *Brown v. Brown*, 2020 ND 135, ¶ 5, 945 N.W.2d 269. "In ensuring the court exercises this discretion in a manner comporting with due process, the court must balance judicial economy and convenience with the parties' right to present all of the evidence on all of the relevant issues." *Rath*, 2016 ND 71, ¶ 9 (cleaned up). A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably. *Id.*

[¶7] Before a court grants a petition for a disorderly conduct restraining order, the court must conduct a full hearing. N.D.C.C. § 12.1-31.2-01(4). "The 'full hearing' contemplated by N.D.C.C. § 12.1-31.2-01 is a special summary proceeding, intended to quickly and effectively combat volatile situations before any tragic escalation." *Mead v. Hatzenbeller*, 2023 ND 248, ¶ 18, 999 N.W.2d 618 (cleaned up). "Although the disorderly conduct restraining order statute seeks

2

to quickly and effectively combat volatile situations before any tragic escalation, the concern for expeditious proceedings should not override the need to fairly resolve factual disputes." *Cusey v. Nagel*, 2005 ND 84, ¶ 15, 695 N.W.2d 697 (cleaned up).

[¶8] "The primary purpose of an evidentiary hearing is to allow the parties to present evidence through testimony and allow the factfinder to hear and view the witnesses, assess their credibility, and thereby resolve factual disputes." *Cusey*, 2005 ND 84, ¶ 15 (cleaned up). "[T]he allegations in the petition should be established through sworn testimony of the petitioner and other witnesses at the time of the hearing, and the respondent and other witnesses should have an opportunity to respond to the petitioner's allegations with admissible evidence." *Id.* (cleaned up). "[A] hearing on the petition should, at a minimum, require the petitioner to prove the allegations by admissible evidence at the hearing, and provide an opportunity for the respondent to appear and contest the issuance of a restraining order by offering admissible evidence in opposition to the petitioner's claims." *Id.*

A

[¶9] A.K. was represented by counsel. Although the notice of hearing had not informed the parties the hearing would be limited to thirty minutes, A.K.'s counsel acknowledged his familiarity with the district court's practice of scheduling thirty-minute hearings on petitions for disorderly conduct restraining orders. Despite this knowledge, A.K. did not move the district court to expand the length of the hearing after receiving the notice of hearing.

[¶10] At the beginning of the hearing, the district court explained the hearing was set for a period of thirty minutes, and "each party is going to have 15 minutes." Neither party objected. The minor petitioner testified. A.K.'s counsel cross-examined the minor. The court interrupted the cross-examination, explaining: "[Counsel], you've taken 15 minutes to cross-, that's pretty much the time that's allocated to you. So, I'd like you to . . . wrap it up with a question maybe." After a short redirect examination of the minor petitioner, the court closed the evidentiary portion of the hearing by explaining: "[Counsel], you

pretty much took your time in your cross-examination. You did make reference to Exhibits 10 and 11. I have reviewed them, they are part of the record, and she's commented on them; so I'm considering them as well."

[¶11] The district court gave each party one minute to summarize their arguments. A.K.'s counsel argued:

> [COUNSEL]: Well, Your Honor, I understand that these things are, kind of, perfunctory informal proceedings. However, we do have an opportunity to respond, and it was my intention to ask my client some questions to respond to these unbased allegations against her. I recognize it's a 30-minute hearing, but if she is deprived of her opportunity to respond, I think, it's going to affect her due process rights. And —
> THE COURT: [Counsel], I made it very clear to you and to opposing counsel that it's a 30-minute setting, that you each have 15 minutes. I said that on the top end. You made a choice in your cross-examination to use it to cross-examine the petitioner in this case. So it is your choice that you made.
> [COUNSEL]: Well, Your Honor, I understand that the Court sets 30 minutes aside for these things, but if they — if you can't do it in 30 minutes, it doesn't mean that you deprive the participants of their opportunity to be heard.
> THE COURT: Do you have any other argument you want to make?

A.K.'s counsel summarized A.K.'s argument by explaining "my client denies that . . . this conduct, that there has been specific instances of disorderly conduct that have been intended to affect the safety, security, or privacy of the petitioner." Counsel explained, "My client denies, and if given the opportunity on the stand, she would've denied that any of this ever happened."

B

[¶12] A.K. argues the district court's procedure—fifteen minutes for each side—did not allow sufficient time for A.K. to rebut the claims against her and present evidence. "[A] respondent has a due process right to a 'fair hearing' including reasonable notice or opportunity to know of the claims of opposing parties, along with the opportunity to rebut those claims." *Mead*, 2023 ND 248, ¶ 18 (cleaned up). "When the court employs a procedure which fails to afford a party a

4

meaningful and reasonable opportunity to present evidence on the relevant issues, the court has abused its discretion and violated the party's due process rights." *Id.* (cleaned up).

[¶13] A.K. does not argue she was denied the opportunity to testify. Nor does the record show the district court denied her the opportunity to testify or present other evidence. The court simply limited the time in which A.K. was permitted to present her case. Neither party objected to the procedure of the hearing. The district court did not receive or deny a motion to continue the hearing after providing notice of the time-restraint. The district court did not act arbitrarily or capriciously by setting the time limitations at the outset of the hearing. The issue remains whether the court's limited time period was reasonable when weighed against A.K.'s due process right for a fair hearing, which includes a meaningful and reasonable opportunity to present evidence to rebut the claims. *See Mead*, 2023 ND 248, ¶ 18.

[¶14] Whether thirty minutes is adequate to conduct a full hearing on a petition for a disorderly conduct restraining order is a case-specific determination. In some cases, thirty minutes is sufficient time for the respondent to present brief testimony and engage in meaningful cross-examination. Other cases will require more time to present evidence and meaningfully respond to the other party's evidence. *Gomm v. Winterfeldt*, 2022 ND 172, ¶ 23, 980 N.W.2d 204 (stating "due process is flexible and considered on a case-by-case basis, and the totality of the circumstances must be considered in all cases"). Because no objection or motion to continue was made, the district court was not asked to consider whether the circumstances known to the parties required a longer hearing. As a matter of law, thirty minutes is not insufficient to conduct a hearing on a petition for a disorderly conduct restraining order. *See Jensen v. Satran*, 332 N.W.2d 222, 227 (N.D. 1983) ("The very nature of [procedural] due process negates the concept of inflexible procedures universally applicable to every imaginable situation; instead, the requirements imposed by [due process] are flexible and variable and dependent upon the particular situation being examined."). "Due process requires an opportunity for cross-examination in restraining order proceedings." *Rath*, 2016 ND 71, ¶ 10. A.K. had 15 minutes, nearly all of which she used to

cross-examine the witness against her. A.K.'s counsel made an offer of proof that A.K. would have testified and "denied that any of this ever happened."

[¶15] In *Cusey*, 2005 ND 84, ¶ 15, this Court explained, "We have held that a trial court conducts a 'full hearing' on a disorderly conduct restraining order petition by accepting affidavits and allowing cross-examination, *at least when the parties raise no objection to the form of the hearing*." (Emphasis added) (citing *Skadberg v. Skadberg*, 2002 ND 97, ¶ 14, 644 N.W.2d 873). We concluded the district court did not abuse its discretion because "Cusey did not object to the form of the hearing." *Id.* at ¶ 15. A.K. did not object to the form of the hearing. At the end of the evidentiary portion, after expending his allotted time, A.K.'s counsel raised the issue of due process but did not move to continue the hearing. On this record, we cannot conclude that the district court's hearing procedure was an abuse of its discretion or that A.K.'s due process rights were violated.

IV

[¶16] A.K. argues the district court abused its discretion by granting the disorderly conduct restraining order, because the court's findings are not supported by the record.

[¶17] "We review factual findings made in a disorderly conduct restraining order proceeding under the clearly erroneous standard of review." *Anderson v. Lamm*, 2023 ND 249, ¶ 10, 999 N.W.2d 627. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.* (citations omitted). "When there is a factual basis to support issuance of a disorderly conduct restraining order, whether to issue a restraining order, and the specific provisions to include in the order, are left to the discretion of the district court." *Id.* "The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* (citations omitted).

[¶18] After reviewing the record, we conclude sufficient evidence supports the district court's finding A.K.'s conduct affected the minor petitioner's safety,

6

security, or privacy. The district court's findings are not clearly erroneous. The court did not abuse its discretion by granting the disorderly conduct restraining order.

V

[¶19] We affirm the disorderly conduct restraining order.

[¶20] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

7