# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 122

Prisca Houenoukpo Fagnon,

Petitioner and Appellee

v.

Ndorleh S. Ngaima,

Respondent and Appellant

## No. 20250074

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Prisca H. Fagnon, self-represented, Jamestown, ND, petitioner and appellee.

Timothy P. Hill, Fargo, ND, for respondent and appellant.

**McEvers, Justice.**

[¶1]   Ndorleh Ngaima appeals from a disorderly conduct restraining order entered against him. Ngaima argues the district court abused its discretion in issuing the disorderly conduct restraining order because there were not reasonable grounds to believe he engaged in disorderly conduct when the alleged conduct exceeded the logical time and distance factors to support a restraining order. He also argues there were not reasonable grounds to believe Fagnon's safety, security, and privacy were adversely affected by his conduct and the court's findings were inadequate. We affirm.

I

[¶2]   On February 4, 2025, Prisca Fagnon petitioned for a disorderly conduct restraining order against Ngaima. The petition alleged Ngaima was harassing her on social media, stalking her, had threatened her with a knife, and inflicted physical violence upon her resulting in a broken nose. A temporary disorderly conduct restraining order was issued. A hearing occurred on February 18, 2025, at which both parties testified. At the time of the hearing, Fagnon lived in Jamestown, North Dakota, and Ngaima lived in Fargo, North Dakota. Fagnon testified that the parties broke up in September 2024 after dating for over ten years and that they have children together. Fagnon testified in support of her allegations, including an incident occurring on July 24, 2023, in which Ngaima physically assaulted her, leaving her with a broken nose. Fagnon submitted into evidence photographs of her bloodied nose. Ngaima denied all of her allegations.

[¶3]   After hearing the testimony and considering the evidence, the district court made its findings on the record, stating:

> There are a number of allegations in the petition that are unproven. But, I do find, based on the Petitioner's Exhibit, the photographs. . . . There's an allegation of a broken nose. The timing is testified to regarding the act of physical violence, which does fall under the definition of disorderly conduct, is sufficient for the

issuance of -- of the disorderly conduct restraining order here. There is [*sic*] photographs of a significant injury, significant amount of blood, and it is recent enough for this court to be satisfied that an order of protection is appropriate. It's from July of 2023.

So, I find for the petitioner, and I will issue a disorderly conduct restraining order for a period of two years.

. . . .

. . . I believe her testimony. I find her testimony to be credible about what I think probably would have satisfied me for a domestic violence protection order. She's here asking for a disorderly conduct restraining order, which is -- disorderly conduct is less severe than domestic violence. But looking at these pictures and listening to her testimony, I believe her that you committed violence upon her that caused the injuries in these photographs, and, therefore, I'm issuing an order of protection against you on -- on behalf of her.

. . . .

. . . I find that the petitioner's testimony and exhibits are credible and amount to, certainly, disorderly conduct, and as I said, I think they amount to domestic violence.

A disorderly conduct restraining order was subsequently granted in Fagnon's favor against Ngaima for a period of two years. Ngaima timely appealed.

II

[¶4]   Our standard for reviewing a district court's decision to issue a disorderly conduct restraining order is well-established:

This Court will not reverse a district court's decision to grant a restraining order . . . absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.

*Gerszewski v. Rostvet*, 2024 ND 141, ¶ 4, 10 N.W.3d 104.

[¶5] A district court may grant a disorderly conduct restraining order when a petitioner shows there are "reasonable grounds to believe that the respondent has engaged in disorderly conduct." N.D.C.C. § 12.1-31.2-01(5)(d). Disorderly conduct is defined as "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1). "[S]pecific facts or threats" must be alleged; "[v]ague generalities will not suffice." *Mead v. Hatzenbeller*, 2023 ND 248, ¶ 11, 999 N.W.2d 618. Reasonable grounds exist for a court to grant a restraining order when the petitioner produces evidence "sufficient to warrant a person of reasonable caution to believe disorderly conduct occurred." *Id.* (internal quotations marks omitted). "Reasonable grounds for a disorderly conduct restraining order is synonymous with probable cause." *Id.* (cleaned up).

[¶6] In addition, Rule 52(a), N.D.R.Civ.P., applies to disorderly conduct restraining orders. *Gerszewski*, 2024 ND 141, ¶ 7. In an action tried on the facts without a jury, the district court must find the facts specially and state its conclusions of law separately. N.D.R.Civ.P. 52(a)(1). The findings of fact must be sufficient to enable this Court to understand the factual determinations made by the district court and the basis for its conclusions of law. *Gerszewski*, ¶ 7. The findings should be sufficiently specific to provide this Court a clear understanding of the district court's decision. *Id.* The court's findings are adequate if we can discern from them the factual basis for the court's decision. *Combs v. Lund*, 2015 ND 10, ¶ 17, 858 N.W.2d 311.

A

[¶7] Ngaima argues the district court erred in granting the disorderly conduct restraining order because there were not reasonable grounds to believe he engaged in disorderly conduct, even if the allegations are true, based on how long ago the most serious conduct was and the physical distance between the parties.

[¶8] We have previously noted that chapter 12.1-31.2, N.D.C.C., does not have a temporal requirement. *Mead*, 2023 ND 248, ¶ 16. Nevertheless, "there must be logical limits on the time and distance factors when a restraining order is at

issue." *Meier v. Said*, 2007 ND 18, ¶ 27, 726 N.W.2d 852. Ngaima's argument is similar to those made in *Meier*, ¶ 27, and *Mead*, ¶ 16.

[¶9] In *Meier*, we affirmed a disorderly conduct restraining order after considering the history of the parties, which included testimony of specific acts of rapes and druggings to induce an abortion. 2007 ND 18, ¶¶ 25, 27-28. When the district court considered the case, the parties were involved in a paternity and custody action regarding their unborn child. *Id.* ¶ 4. Meier lived in North Dakota, and Said lived in California. *Id.* ¶¶ 3, 27. The incidents constituting disorderly conduct occurred in February 2006, and the action was initiated in September 2006. *Id.* ¶¶ 5, 27. This Court acknowledged there must be logical limits on the time and distance factors when a restraining order is at issue and concluded the facts did not reach those limits. *Id.* ¶ 27.

[¶10] In *Mead*, the district court took judicial notice of the respondent's criminal conviction for disorderly conduct. 2023 ND 248, ¶ 15. We affirmed the disorderly conduct restraining order considering the logical limits on time and distance factors where the conduct giving rise to the restraining order occurred "roughly one year" prior to the granting of a restraining order. *Id.* ¶¶ 16, 23. The need for the restraining order was based in part on the close proximity of the parties' homes and the parties living in a "very small" town. *Id.* ¶ 16.

[¶11] Considering the time factor, here, the act of physical violence by Ngaima, relied on by the district court as a basis for the disorderly conduct restraining order, occurred on July 24, 2023. This action was initiated on February 4, 2025, roughly a year and a half after the incident. The evidence of physical violence was relevant and could be considered by the district court when determining whether to issue the disorderly conduct restraining order. Given the severity of the conduct and the probable need for some type of controlled contact to exchange the children, we conclude the court did not abuse its discretion when finding the timing of the physical violence was sufficient to support the need for a disorderly conduct restraining order.

[¶12] Considering the distance factor, Fagnon lives in Jamestown, and Ngaima lives in Fargo. Ngaima contends that, based on the distance between the parties,

4

the "threat of disorderly conduct . . . [is] substantially eliminated." However, as previously discussed, it is likely the parties may need to have some contact to exchange their children. The distance between the parties here will not eliminate the threat of future disorderly conduct given the likely need for some form of contact between the parties.

[¶13] Based on the circumstances of this case, we conclude the district court did not abuse its discretion in issuing a disorderly conduct restraining order after considering the time of the conduct and physical distance between the parties because logical limits on time and distance were not exceeded.

B

[¶14] Ngaima argues the district court abused its discretion because its findings were insufficient to support its decision when it failed to specifically find Ngaima's conduct adversely affected Fagnon's safety, security, or privacy.

[¶15] The district court did not specifically find Ngaima's conduct was intended to adversely affect Fagnon's safety, security, or privacy. However, the court ultimately found that Ngaima's act of physical violence constituted "disorderly conduct" as defined by statute. Fagnon's testimony and evidence recount a specific incident occurring on July 24, 2023, in which Ngaima physically assaulted her. The court found: "the act of physical violence, which does fall under the definition of disorderly conduct, is sufficient for the issuance of . . . the disorderly conduct restraining order here." The court added that there were "photographs of a significant injury, significant amount of blood, and [the physical violence] is recent enough for this court to be satisfied that an order of protection is appropriate."

[¶16] After reviewing the record, it appears the district court made its ultimate finding of disorderly conduct based primarily on Ngaima's act of physical violence against Fagnon. Despite the absence of a specific finding of how Ngaima intended to adversely affect Fagnon's safety, security, or privacy, we understand the rationale for its decision that Ngaima committed disorderly conduct against Fagnon. *See Jones v. Rath*, 2023 ND 69, ¶ 18, 989 N.W.2d 92 (concluding the district court did not abuse its discretion when issuing a disorderly conduct restraining

order despite not mentioning how the respondent's conduct intended to adversely affect the petitioner's safety, security, or privacy when the court's findings left us with a clear understanding of how that determination was reached). Physical violence is generally an intrusive and unwanted act which is intended to adversely affect the safety, security, and privacy of another. Fagnon's evidence about this incident provided reasonable grounds for the court to believe that Ngaima engaged in disorderly conduct. We are able to discern from the findings the basis for the court's decision; therefore, the findings are adequate.

[¶17] Regarding sufficiency of the evidence in general, the district court heard conflicting testimony from Fagnon and Ngaima and found Fagnon's testimony more credible. The court indicated that it believed Fagnon's testimony, believed that Ngaima committed physical violence upon Fagnon causing the injuries in the submitted photographs, and found Fagnon's "testimony and exhibits [to be] credible and amount[ed] to . . . disorderly conduct . . . ." "We have repeatedly recognized that the district court is in a better position to judge the demeanor and credibility of witnesses and weigh the evidence than we who have only the cold record to review." *Meier*, 2007 ND 18, ¶ 26. We will not preempt the court's credibility determinations in this case.

### III

[¶18] We have considered the remainder of Ngaima's arguments and conclude they are either unnecessary to our decision or are without merit.

[¶19] The district court did not abuse its discretion in issuing a disorderly conduct restraining order. We affirm the disorderly conduct restraining order.

[¶20] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr